Scott D. Hess, ISB #2897
A. Dean Bennett, ISB #7735
HOLLAND & HART LLP
800 W. Main Street
Suite 1750
P.O. Box 2527
Boise, Idaho  83701-2527
Telephone:   (208) 342-5000
Facsimile:    (208) 343-8869
sdhess@hollandhart.com
adbennett@hollandhart.com

W. Brantley Phillips, Jr. (admitted *pro hac vice*)
Russell S. Baldwin (admitted *pro hac vice*)
Allison W. Acker (admitted *pro hac vice*)
BASS BERRY & SIMS PLC
150 Third Avenue South, Ste. 2800
Nashville, TN 37201
Telephone:  (615) 742-6200
Facsimile:  (615) 742-2842
bphillips@bassberry.com
rbaldwin@bassberry.com
allison.acker@bassberry.com

Attorneys for Plaintiff/Counter-Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TWIN FALLS NSC, LLC, a Tennessee limited liability company,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC, an Idaho limited liability company,<br><br>    Defendant/Counterclaimant. | Case No.  1:19-cv-00009-DCN<br><br>**TWIN FALLS NSC, LLC'S MOTION TO COMPEL DEPOSITION OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC** |

TWIN FALLS NSC, LLC'S MOTION TO COMPEL DEPOSITION OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC - 1

Plaintiff Twin Falls NSC, LLC ("Twin Falls") moves to compel Defendant Southern Idaho Ambulatory Surgery Center ("Sawtooth") to produce a corporate representative to give testimony pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. In support of the Motion, Twin Falls states as follows.

In July 2019, this Court entered judgment in Twin Falls' favor. The judgment confirmed the underlying arbitration award of $1,230,046.23 in its entirety. Dkt. 32 (Memorandum Decision and Order); Dkt. 33 (Judgment). Sawtooth appealed that judgment to the Court of Appeals for the Ninth Circuit. *See* Dkt. 35.

Despite numerous representations that it would do so, Sawtooth has failed to file a supersedeas bond with the Court of Appeals. Nor has Sawtooth asked this Court to enter any stay of the instant case. Twin Falls, therefore, is entitled to proceed with collecting on the judgment. And, because Sawtooth has given no indication that it will pay the judgment voluntarily, Twin Falls has served Sawtooth with written and deposition discovery in aid of execution as permitted by Rule 37 of the Federal Rules of Civil Procedure.

Specifically, on March 24, 2020, Twin Falls served Sawtooth with a Notice of Deposition. *See* **Exhibit 1** (Declaration of Russell S. Baldwin) at Ex. A. It simultaneously served its First Set of Interrogatories and Requests for Production of Documents in aid of execution. *See id*. at Ex. B.

Following service, counsel for Sawtooth requested, and Twin Falls agreed, to postpone Sawtooth's deposition to May 18, 2020. *See id*. at Ex. C. This date was chosen by Sawtooth:

> Sawtooth **will provide a deponent** for examination (using whatever remote connection methods are appropriate to ensure health precautions) on a date of your choosing between 11 May 2020 and 18 May 2020. We can explore other date ranges but my client will need to be consulted before I can provide a commitment.

TWIN FALLS NSC, LLC'S MOTION TO COMPEL DEPOSITION OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC - 2

*See id*. (emphasis added). In this communication, counsel for Sawtooth made clear that (1) its corporate representative was available for deposition on May 18, 2020; and (2) it acknowledged both the feasibility and desirability of remote deposition procedures. Indeed, in confirming the new deposition date, counsel for Sawtooth suggested a court reporting service that provides remote deposition services and confirmed this arrangement for the deposition was acceptable to Sawtooth and would adequately address any health-related concerns. *See id*. ("As for myself, I am at my home in Phoenix and taking all meetings/hearings/etc. via phone or videoconference.") Based on Sawtooth's representations, Twin Falls promptly sent a revised notice setting Sawtooth's deposition by videoconference for May 18, 2020. *See id*. at Ex. D.[1]

On May 14, counsel for Twin Falls requested the identity of Sawtooth's corporate representative so the court reporter could provide the appropriate videoconferencing link. *See id*. at Ex. E. Sawtooth's counsel confirmed that he would "get back … later today, or tomorrow morning at the latest" with the necessary information. *See id*. Despite this pledge, counsel for Sawtooth did not "get back" in touch or provide the name of Sawtooth's corporate representative. Indeed, no one connected with Sawtooth contacted Twin Falls again until nearly ***8 p.m. (Central Time) on the Sunday May 17 – barely 12 hours before the deposition was set to take place***. At this time, counsel for Sawtooth suddenly and unexpectedly announced that, "the witnesses suited to give testimony on the topics in question cannot be made available at present." *See id*. at Ex. F.

---

[1] It also should be noted that depositions by videoconference are not new to the lawyers or parties in this case. In fact, during the underlying arbitration proceeding, several of the discovery depositions were taken using such arrangements at the request of Sawtooth's counsel in order to minimize travel between Idaho and Tennessee. See ***Exhibit 2*** at 2 (noting appearance of Sawtooth's counsel "via videoconferencing").

TWIN FALLS NSC, LLC'S MOTION TO COMPEL DEPOSITION OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC - 3

As to the justification for this last minute cancellation of the deposition, counsel for Sawtooth attempted to blame COVID-19 and related public health issues. Counsel for Sawtooth stated, "my client and I have concluded that the health concerns relating to COVID-19, the technical issues associated with coordinating the availability of witnesses and the availability of the witnesses themselves prevents SIASC from producing witnesses at the deposition rescheduled to tomorrow." *See id*. As for the "availability of the witnesses themselves," counsel for Sawtooth asserted without any specifics that they were too busy "currently fulfilling their responsibilities as health care providers" and "supporting the provision of essential services." *See id*. And, despite the fact that this Court's judgment has been outstanding for nearly a year, counsel for Sawtooth further asserted that "[t]here is no pressing need" for the deposition. *See id*. As support for this last claim, counsel for Sawtooth pointed to a recent decision of this Court, which, he suggested essentially stood for the proposition that physicians have better things to do at the present time than to participate in discovery. *See id*. (citing *Planned Parenthood of Great Nw. & the Hawaiian Islands v. Wasden*, 2020 WL 1976641, at *4 (D. Idaho Apr. 24, 2020).)

Simply stated, Sawtooth's justifications for the last-minute cancellation of the agreed-to deposition do not stand up to scrutiny.

Indeed, as noted, at Sawtooth's suggestion, any health-related concerns about COVID-19 had been addressed by the parties' consensus to take the deposition by videoconference and, thus, allow all persons involved to maintain any necessary social distancing. That such arrangements were acceptable was confirmed by Sawtooth's counsel, who acknowledged that he was actively continuing with his regular law practice at this time, including hearings, by remote means from his home office. *See id*. at Ex. C. Any such excuse, therefore, should be disregarded as both cynical and contrived.

TWIN FALLS NSC, LLC'S MOTION TO COMPEL DEPOSITION OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC - 4

The same is true for the claim by Sawtooth's counsel that the deposition witness – whomever that was going to be – was no longer available on May 18. Despite repeated inquiries since receiving this news, Sawtooth has provided no specifics as to the purported scheduling conflict. That suggests that Sawtooth is unable to do so. Regardless, it is difficult to accept that any true scheduling conflict could have arisen. After all, as noted, counsel for Sawtooth offered and agreed to May 18 as the date for this deposition. Moreover, as the communications make clear, he did so only after consulting with and confirming the date with his client. *See id*. (prefacing selection of May 18 deposition date by saying, "my client proposes…."). It is fair to conclude, then, that May 18 had been cleared of any conflicts. And, to the extent Sawtooth and its counsel now hope to have this Court ignore all of that based on some purported change in circumstances since the May 18 date was agreed to – as the communication canceling the deposition seems to imply – Sawtooth should be required to present strict proof of any such change, which, thus far, has not been forthcoming. Indeed, in canceling the deposition, counsel for Sawtooth did not provide even the barest minimum of explanation as to why May 18, in particular, was no longer a viable date.[2]

Finally, without offering any specific proof, counsel for Sawtooth has attempted to justify the failure to provide a witness for an agreed-to deposition by suggesting that all of Sawtooth's potential corporate representatives are presently consumed with treating persons suffering from conditions related to COVID-19:

---

[2] In that communication, counsel for Sawtooth seems to suggest that the purported change in circumstances is the current pandemic. *See id*. at Ex. F (citing "the prevailing demands imposed upon the healthcare providers in Idaho" and "the health concerns relating to COVID-19"). Any such suggestion has no merit. After all, it is not as if the pandemic was a new development on the evening of May 17. That situation had been front-page news for many weeks prior to April 16, when counsel for Sawtooth committed to the May 18 deposition date.

TWIN FALLS NSC, LLC'S MOTION TO COMPEL DEPOSITION OF SOUTHERN IDAHO
AMBULATORY SURGERY CENTER, LLC - 5

> The witnesses who are capable of offering competent testimony on the issues listed in the deposition notice are (a) currently fulfilling their responsibilities as health care providers within the confines of the Idaho government's prevailing directives, and (b) attempting to carry out commitments for supporting the provision of essential services.

*See id*. It is difficult to conceive of a statement more obviously intended to be vague and non-committal. The fact that Sawtooth's physicians include podiatrists, orthopedists and other medical specialists who arguably have no expertise relevant to respiratory challenges associated with COVID-19 only serves to create more doubt as to whether patient care-related issues precluded a witness from appearing on May 18.

Regardless, given that the deposition was to be entirely focused on Sawtooth's ***finances*** and ***business operations*** since this Court's judgment was entered, it is unclear why any physician witness was required at all. Indeed, during the underlying arbitration proceeding, Sawtooth put forward Deborah Wensink, its non-physician chief administrator, to address similar business-related topics. It is clear that Sawtooth could have done so in this instance, as well; it simply chose not to do so. The Court should, therefore, reject any claim that Sawtooth was unable to produce a competent witness on May 18, as it had agreed to do.

Taken together, all of this makes quite clear that – contrary to the assurance offered in his email unilaterally canceling the May 18 deposition – counsel for Sawtooth ***is*** effectively "refusing to produce witnesses for deposition at any time or for any purpose." *See id*. Indeed, in that very same email, counsel for Sawtooth makes clear that Sawtooth will agree to appear for deposition only after it "can determine" when in its judgment doing so "is feasible." Again, such vague and non-committal statements are entirely inconsistent with both Rule 26 and Sawtooth's discovery obligations. To conclude otherwise would give Sawtooth discretion to decide when and how discovery can occur in this case. Nothing in the rules of procedure or the circumstances

of this case remotely suggests that Sawtooth is entitled to any such discretion. On the contrary, where, as here, one party has abused the other side's good faith efforts to collaborate on the timing for undeniably legitimate discovery and demonstrated a willingness to use pretextual justifications to delay the progress of this case, it is necessary for the Court to impose rigor and order the offending party to participate. Sawtooth's doctors – who, it should be noted, initiated the underlying arbitration proceeding – do not get to play by different rules, and the Court should condemn any suggestion to the contrary by Sawtooth's counsel in the strongest possible terms.

Finally, it should be noted that the failure of Sawtooth and its counsel to appear on May 18, as agreed, was not without cost. Indeed, by the time Sawtooth's counsel alerted Twin Falls that no witness would appear for the May 18 deposition, Twin Falls had incurred significant expenses in preparing and setting up logistics for the deposition; the cost of the court reporter and videographer; and attorney travel time associated with the need for Twin Falls' counsel to drive more than two hours to the video site in Nashville. Twin Falls should not have to bear these otherwise needless expenses.

**WHEREFORE**, for all of the foregoing reasons, Twin Falls respectfully requests the entry of an order compelling Sawtooth to produce a corporate representative to give testimony pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure within 14 days of the entry of such order. Twin Falls likewise requests an award of reasonable attorneys' fees and expenses incurred in preparing for the cancelled May 18 deposition and in bringing the instant motion.

//
//
//

DATED May 21, 2020

                          HOLLAND & HART LLP

                          By /s/ Scott D. Hess
                              Scott D. Hess, for the Firm
                              Attorneys for Plaintiff/Counter-Defendant

TWIN FALLS NSC, LLC'S MOTION TO COMPEL DEPOSITION OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC - 8

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 21st day of May, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Angelo L. Rosa, Esq.                                 arosa@rosacommerce.com
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016

Jay J. Kiiha (Idaho State Bar No.                 jkiiha@whitepeterson.com
White, Peterson, Gigray & Nichols, P.A.
Canyon Park at the Idaho Center
5700 E. Franklin Rd. Suite 200
Nampa, Idaho 83687

                                                           /s/ Scott D. Hess
                                                       Scott D. Hess for HOLLAND & HART LLP

14692539_v1