# **<u>EXHIBIT 1</u>**

Scott D. Hess, ISB #2897
A. Dean Bennett, ISB #7735
HOLLAND & HART LLP
800 W. Main Street
Suite 1750
P.O. Box 2527
Boise, Idaho  83701-2527
Telephone:   (208) 342-5000
Facsimile:   (208) 343-8869
sdhess@hollandhart.com
adbennett@hollandhart.com

W. Brantley Phillips, Jr. (admitted *pro hac vice*)
Russell S. Baldwin (admitted *pro hac vice*)
Allison W. Acker (admitted *pro hac vice*)
BASS BERRY & SIMS PLC
150 Third Avenue South, Ste. 2800
Nashville, TN 37201
Telephone:  (615) 742-6200
Facsimile:  (615) 742-2842
bphillips@bassberry.com
rbaldwin@bassberry.com
allison.acker@bassberry.com

Attorneys for Plaintiff/Counter-Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TWIN FALLS NSC, LLC, a Tennessee limited liability company,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC, an Idaho limited liability company,<br><br>Defendant/Counterclaimant. | Case No.  1:19-cv-00009-DCN<br><br>**DECLARATION OF RUSSELL S. BALDWIN IN SUPPORT OF TWIN FALLS' MOTION TO COMPEL DEPOSITION** |

I, Russell S. Baldwin, declare as follows:

1.      I am one of the attorneys representing Plaintiff Twin Falls NSC, LLC ("Twin Falls") in this matter.  I make this declaration in support of Twin Falls' Motion to Compel Deposition of Sawtooth.  I have personal knowledge of the facts set forth herein, which are true to the best of my information and knowledge.

2.      A true and correct copy of the Twin Falls' Notice of Deposition to Sawtooth is attached hereto as ***Exhibit A***.

3.      A true and correct copy of the Twin Falls' First Set of Interrogatories and Requests for Production of Documents in aid of execution is attached hereto as ***Exhibit B***.

4.      A true and correct copy of an email chain between counsel for Sawtooth and Counsel for Twin Falls is attached hereto as ***Exhibit C***.

5.      A true and correct copy of the Revised Notice of Deposition of Sawtooth is attached hereto as ***Exhibit D***.

6.      A true and correct copy of Twin Falls' May 14, 2020 email to counsel for Sawtooth is attached hereto as ***Exhibit E***.

7.      A true and correct copy of counsel for Sawtooth's May 17, 2020 email is attached hereto as ***Exhibit F***.

*Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on the 20th day of May, 2020, in Paris, Tennessee.*

*/s/ Russell S. Baldwin*
Russell S. Baldwin

DECLARATION OF RUSSELL S. BALDWIN IN SUPPORT OF TWIN FALLS' MOTION TO COMPEL DEPOSITION - 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of May, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Angelo L. Rosa, Esq.                                    arosa@rosacommerce.com
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016

Jay J. Kiiha                                            jkiiha@whitepeterson.com
White, Peterson, Gigray & Nichols, P.A.
Canyon Park at the Idaho Center
5700 E. Franklin Rd. Suite 200
Nampa, Idaho 83687


    /s/ Scott D. Hess
for HOLLAND & HART LLP

14692607_v1

DECLARATION OF RUSSELL S. BALDWIN IN SUPPORT OF TWIN FALLS' MOTION
TO COMPEL DEPOSITION - 3

# **<u>EXHIBIT A</u>**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | | |
|---|---|---|
| **TWIN FALLS NSC, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-CV-00009-DCN** |
| | ) | |
| **SOUTHERN IDAHO AMBULATORY** | ) | |
| **SURGERY CENTER, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**NOTICE OF DEPOSITION OF DEFENDANT**
**SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC.**

_____

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 69, Plaintiff Twin Falls NSC, LLC ("Twin Falls") hereby gives notice that it will take the deposition of Southern Idaho Ambulatory Surgery Center, LLC ("Sawtooth") through one or more duly designated officers, directors, managing agents, or other persons qualified to testify on behalf of Sawtooth. The deposition will be conducted by videoconference beginning April 27 at 9:00 a.m. MDT, or at such other date and time as the parties mutually agree. The deposition shall be transcribed by a certified reporter and recorded by audiovisual means.

Sawtooth shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf about the Subject Matter of Examination set forth below. Each person so designated shall be qualified and prepared to testify as to matters known or reasonably available to Sawtooth involving the subject matter for which the person has been designated. Twin Falls requests that counsel for Sawtooth notify Twin Falls counsel at least seven (7) days in advance of

the deposition of the identity of person(s) designated by Twin Falls and the matters on which each designated person shall testify.

## Subject Matter of Examination

1.      Sawtooth's responses to Interrogatories and Requests for Production of Documents.

2.      Sawtooth's financial condition and performance, including its current assets and liabilities and material changes to its assets or liabilities since January 1, 2018.

3.      Sawtooth's business and financial forecasts or projections since January 1, 2018.

4.      Sawtooth's audited and unaudited financial statements since January 1, 2018.

5.      Sawtooth's banking relationships and accounts since January 1, 2018.

6.      Contracts or other agreements to which Sawtooth has been a party at any time since January 1, 2018.

7.      Meetings of Sawtooth's officers and directors since January 1, 2018.

8.      The nature and purpose of any changes to, or replacement of, Sawtooth's Operating Agreement since January 1, 2018.

9.      All money loaned, paid or distributed to any member of Sawtooth since January 1, 2018.

10.     The amount of Sawtooth's cash reserves and all significant changes in reserve levels since January 1, 2018.

11.     The process by which Sawtooth's cash reserve levels have been determined since January 1, 2018.

12.     Any sale or disposition of Sawtooth's assets having a value of $500 or more since January 1, 2018.

13.     The operational and financial management of Sawtooth since January 1, 2018.

14.     The membership of Sawtooth since January 1, 2018.

15.     Sawtooth's profits since September 1, 2018.

16.     The availability of assets necessary to satisfy the arbitration award that was confirmed by the District Court in this case and, if sufficient assets are not available to satisfy the award, the reasons why.

**DATED** this 24th day of March, 2020.

Respectfully submitted,

*/s/ Russell S. Baldwin*

W. Brantley Phillips, Jr. (*admitted pro hac vice*)
Russell S. Baldwin (*admitted pro hac vice*)
Allison W. Acker (*admitted pro hac vice*)
**BASS BERRY & SIMS PLC**
150 Third Avenue South, Ste. 2800
Nashville, TN 37201
(615) 742-6200
(615) 742-2842 (fax)
bphillips@bassberry.com
rbaldwin@bassberry.com
allison.acker@bassberry.com

Scott D. Hess, ISB #2897
A. Dean Bennett, ISB #7735
**HOLLAND & HART** LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
(208) 342-5000
(208) 343-8869 (fax)
sdhess@hollandhart.com
adbennett@hollandhart.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via electronic mail to counsel for Southern Idaho Ambulatory Surgery Center on this 24th day of March, 2020, as follows:

Angelo L. Rosa
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016
*arosa@rosacommerce.com*

*/s/ Russell S. Baldwin*

## **EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO**

| | | |
|---|---|---|
| **TWIN FALLS NSC, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-CV-00009-DCN** |
| | ) | |
| **SOUTHERN IDAHO AMBULATORY** | ) | |
| **SURGERY CENTER, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**TWIN FALLS NSC, LLC'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO
SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC**

---

Plaintiff Twin Falls NSC, LLC ("Twin Falls") propounds the following First Set of Interrogatories and Requests for Production of Documents to Southern Idaho Ambulatory Surgery Center, LLC pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 69.

## INSTRUCTIONS

1.      Answers and Responses must be served on the attorneys for Twin Falls at Bass, Berry & Sims, PLC, 150 Third Avenue South, Suite 2800, Nashville, Tennessee 37201, on or before 30 days from the date of the receipt of these Interrogatories and Requests for Production.

2.      Responsive documents shall be produced to the attention of the attorneys for Twin Falls at Bass, Berry & Sims, PLC, 150 Third Avenue South, Suite 2800, Nashville, Tennessee 37201, on or before 30 days from the date of the receipt of these Requests for Production.

3.      In responding to the Requests for Production, produce the originals of all documents, as well as any notated or non-identical copies.  Documents should be organized and labeled to correspond to the Request for Production to which they are responsive.

4.     Produce all responsive electronic and paper-based documents, with the exception of unredacted spreadsheets and any multimedia files, in single-page Tagged Image File Format ("TIFF") format.  Please produce the extracted text of unredacted electronic documents in multi-page text files.  Please produce OCR for paper-based documents and any redacted electronic documents in multi-page text files.  Please produce all responsive unredacted spreadsheets and multimedia files in native format only, with a Bates-stamped placeholder image.  We reserve the right to later request copies of additional files in native format.  The image, text and native files should all have the same beginning Bates number as the file name (*i.e.*, Bates000001.pdf, Bates000001.txt, Bates000001.xls).

5.     Please apply family-level global de-duplication using the MD5 hashing algorithm, per industry standards, for all electronically stored information produced.  Provide in the All Custodians and All File Path fields, requested in Paragraph 11, the custodial and file path attributes for all copies of all responsive documents, both the produced copy and any copies eliminated during global deduplication.  If you serve rolling productions, please produce an overlay file that updates these fields as necessary.

6.     Please ensure any images of hard-copy documents are logically unitized such that: (1) multiple, distinct documents are not merged into a document range; and (2) distinct documents are not split into multiple document ranges.  This provision does not obligate any party to produce documents in a manner other than the way in which the documents were kept in the ordinary course of business.

7.     Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source

document.  Redactions should be clearly marked or stamped on the page in such a way that it is clear from review that a portion of the image has been redacted.

8.  Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems.

9.  Please provide an "LFP" image load file (or, alternatively, a cross-reference text file specifying the beginning and ending Bates numbers for each document).

10.  We request the production of the following metadata fields for electronically stored information: (1) Beginning Bates Number; (2) Ending Bates Number (3) BegAttach; (4) EndAttach; (5) Document Type (Email, Attachment, Edoc, Scanned Paper); (6) Date Sent (email); (7) Date Created (edocs); (8) All Custodians; (9) Author (electronic documents and attachments); (10) Recipient (electronic documents and attachments); (11) From (email); (12) To (email); (13 CC; (14) BCC; (15) Subject (email); (16) Filename (electronic documents); (17) All File Paths; (18) Has Redaction (populate with "Yes" for documents with redacted content) and (19) NativePath (containing the pathing information for all documents produced in native format).  We reserve the right to later request additional metadata fields for certain documents.  Metadata fields should be provided in a DAT delimited text file with the field definitions listed in the first row and should include instructions regarding specific delimiters used.  (Pilcrow and thorn are preferred delimiters, and commas should not be used.)  All dates produced should be formatted as MM/DD/YYYY.

11.  Images should be stored in a directory named IMAGES at the root of the delivery volume.  Extracted text and OCR files should be stored in a directory named OCR at the root of the delivery volume.  All subfolders containing native files should be stored in a directory named NATIVES at the root of the delivery volume.  All load files should be stored in a directory named

DATA at the root of the delivery volume.  We request that all data be produced on CD, DVD or hard-drive, depending on data volume.  Our technical staff would be happy to confer with you regarding the final format of production to ensure that documents are produced in a useable format.

12.     Identify each document that you withhold on the basis of privilege by its date, author(s), recipient(s), and subject matter(s).

13.     For documents or other items requested but not in your possession, custody, or control, and as to which you are unable to produce or compel the production of the documents or items, identify (as defined above) the documents or items, and identify the person who has custody or control or possession of the document or item.

14.     If any document requested in the Requests for Production or described in your answers to the Interrogatories has been destroyed, identify the document, its date of destruction, and the name of the person who ordered or authorized the destruction.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.     The terms "Sawtooth," "you," and "your" refer to Defendant Southern Idaho Ambulatory Surgery Center, LLC, and its officers, directors, managers, trustees, agents, employees, attorneys or representatives, as well as any predecessor, successor, or other entity related to Defendant.

2.     "Document" means any medium, including electronic media, upon which information or intelligence can be recorded or retrieved, and includes, without limitation, the original and all non-identical versions, regardless of origin and location, of any audio recording (including voicemails), email, SMS message or other digital message regardless of platform, electronically or digitally stored data, book, pamphlet, letter, memorandum, map, invoice, bill

(including telephone bills or statements), receipt, financial statement, audit, accounting entry, journal, tax return (with schedules), diary, calendar, check, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, transcript, affidavit, paper, print, drawing, sketch, graph, index, list, tape (video, audio or otherwise), logbook, photograph, microfilm, computer tape, disk, diskette or printout, video disk, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, digitally-recorded, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control;

3.      "Relating to" means constituting, reflecting, evidencing, concerning, referring to, associated or affiliated with, stating, depicting, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, and evaluating;

4.      "Person" means any natural person or entity, including, but not limited to, any individual, firm, corporation, company, partnership, member, association, trade association, trust, public agency, department, bureau, board, or any other form of public, private or legal entity;

5.      "Identify," "identity," "identifying," and "identified," as those terms relate to a person, mean to state the person's full name, home address, home and cellular telephone number, name of business, business address, and business telephone number.

6.      "Identify," "identity," "identifying," and "identified," as those terms relate to a document, mean to provide the following information, irrespective of whether the document is asserted to be privileged or immune from discovery:

(a)      the title or other means of identifying the document;

(b)      the date of the document;

(c)      the author of the document;

5

(d)     the addressee and other persons copied on the document;

(e)     the location of the document and any copies; and

(f)     the identification of any persons having possession, custody, or control of the document and any copies.

7.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to include in the discovery response all documents and information that otherwise would be outside of the scope of the request.

8.     The use of the singular form of any word includes the plural and vice versa.

## INTEROGATORIES

1.     State the total value of all cash held by Sawtooth and identify with specificity each account in which such cash is held.

RESPONSE:


2.     Describe and state the value of any non-cash liquid assets owned by Sawtooth.

RESPONSE:


3.     State the total value of all unpaid accounts receivable owed to Sawtooth.

RESPONSE:


4.     Identify all illiquid assets currently owned by Sawtooth and state the nature and value of each such asset.

RESPONSE:

5.     Identify all loans, distributions and/or other financial disbursements made by Sawtooth to its members, or any of them, since January 1, 2018.  In your response, please specify the date, amount and purpose of each such loan, distribution or disbursement.

RESPONSE:

6.     State the amount and nature of all loans or other debts, including all accounts payable, currently owed by Sawtooth and state the purpose, amount and due dates of any payment obligations relating to those loans/debts.

RESPONSE:

7.     To the extent not identified in the preceding interrogatory, please state the nature and amount of each of Sawtooth's current liabilities.

RESPONSE:

8.     Identify each and every bank account maintained by or for Sawtooth since January 1, 2018.  In your response, please specify the location, financial institution, account number and current balance of each such account.

RESPONSE:

9.     Identify all persons who have knowledge of Sawtooth's financial condition since January 1, 2018, including its assets, liabilities, distributions, earnings and/or expenses.

RESPONSE:

10.     Identify each person who has served as treasurer or another similar position having control over or responsibilities for Sawtooth's finances since January 1, 2018.

RESPONSE:


11.     Identify the current manager and officers of Sawtooth and state the dates on which each assumed his or her current position.

RESPONSE:


12.     Identify each person or entity who currently holds any membership interest in Sawtooth and state the membership percentage owned by of each such person or entity.

RESPONSE:


13.     Identify each person or entity who held membership interests in Sawtooth at any point since Janauary 1, 2018 but is no longer a member of Sawtooth.

RESPONSE:


14.     Identify each person who has served as an accountant, auditor or bookkeeper for Sawtooth since January 1, 2018.

RESPONSE:

## **VERIFICATION**

**STATE OF _____          )**
**COUNTY OF _____          )**


       I, _____**,** on behalf of Southern Idaho Ambulatory Surgery Center, LLC, do solemnly swear and affirm, that I have read the foregoing responses to interrogatories, and that said responses are true and correct to the best of my knowledge, information and belief.



                    Name:   _____

                    Title:   _____




Sworn to and subscribed before me on this _____ day of _____, 2020.


                    _____
                    Notary Public          [Seal]

My Commission Expires:
_____

## **REQUESTS FOR PRODUCTION**

1.      Produce all periodic and annual balance sheets, income statements, cash flow statements and all other financial statements for Sawtooth for the period January 1, 2018 to present.

RESPONSE:


2.      Produce a copy of all general ledger entries for Sawtooth since January 1, 2018.

RESPONSE:


3.      Produce all account statements for any bank account in which Sawtooth has, or has had, any funds since January 1, 2018.

RESPONSE:


4.      Produce all documents that relate in any way to any contracts or other agreements, either written or oral, to which Sawtooth has been a party since January 1, 2018.

RESPONSE:


5.      Produce all minutes, notes, or other documents reflecting or relating to any meetings of the members of Sawtooth since January 1, 2018.

RESPONSE:


6.      Produce all minutes, notes, or other documents reflecting or relating to any meetings of the board and/or other governing body of Sawtooth since January 1, 2018.

RESPONSE:

7.      Produce Sawtooth's current Operating Agreement, Membership Agreement and/or any other agreements governing the management or operations of Sawtooth, and produce any amendments to the foregoing documents that have been proposed or adopted since January 1, 2018.

RESPONSE:


8.      Produce all agreements entered into since January 1, 2018 between or among the members of Sawtooth, or any of them.

RESPONSE:


9.      Produce complete copies of all state and federal tax returns filed by Sawtooth since January 1, 2018.

RESPONSE:


10.     Produce all Schedule K-1 (Form 1065) documents issued by Sawtooth since January 1, 2018.

RESPONSE:


11.     Produce all documents that reflect or relate to any distributions, payments, loans or other disbursements from Sawtooth to its members, or any of them, since January 1, 2018.

RESPONSE:

12.     Produce an inventory of all assets owned by Sawtooth.

RESPONSE:

13.     Produce all documents that relate in any way to the sale or other disposition of any of Sawtooth's assets since January 1, 2018

RESPONSE:

14.     Produce all projections, forecasts and budgets that have been prepared for Sawtooth since January 1, 2018.

RESPONSE:

15.     Produce all audited financial statements prepared for Sawtooth since January 1, 2018.

RESPONSE:

16.     Produce all unaudited financial statements prepared for Sawtooth since January 1, 2018.

RESPONSE:

17.     Produce all documents filed with the Idaho Secretary of State on behalf of Sawtooth since January 1, 2018.

RESPONSE:

18.     Produce all documents filed with the Idaho Department of Health and Welfare on behalf of Sawtooth since January 1, 2018.

RESPONSE:


19.     Produce all documents reflecting or relating to the determination of Sawtooth's cash reserves since January 1, 2018.

RESPONSE:

**DATED** this 24th day of March, 2020.

Respectfully submitted,

/s/ Russell S. Baldwin
W. Brantley Phillips, Jr. (*admitted pro hac vice*)
Russell S. Baldwin (*admitted pro hac vice*)
Allison W. Acker (*admitted pro hac vice*)
**BASS BERRY & SIMS PLC**
150 Third Avenue South, Ste. 2800
Nashville, TN 37201
(615) 742-6200
(615) 742-2842 (fax)
bphillips@bassberry.com
rbaldwin@bassberry.com
allison.acker@bassberry.com

Scott D. Hess, ISB #2897
A. Dean Bennett, ISB #7735
**HOLLAND & HART** LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
(208) 342-5000
(208) 343-8869 (fax)
sdhess@hollandhart.com
adbennett@hollandhart.com

*Attorneys for Plaintiff*

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail to counsel for Southern Idaho Ambulatory Surgery Center on this 24th day of March, 2020, as follows:

Angelo L. Rosa
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016
*arosa@rosacommerce.com*


*/s/ Russell S. Baldwin*

# **EXHIBIT C**

| | |
|---|---|
| **From:** | Baldwin, Russell |
| **Sent:** | Thursday, April 16, 2020 1:37 PM |
| **To:** | Angelo L. Rosa, Esq. (arosa@rosacommerce.com) |
| **Cc:** | Phillips, Brant; Acker, Allison W. |
| **Subject:** | RE: Twin Falls v. Southern Idaho ASC |

Angelo,

Thanks for your response.  As for your comment about consulting beforehand, please recall that I specifically invited you to propose an alternative deposition date, if needed, more than three weeks ago, yet this is the first that I am hearing from you.  That said, I take your email as a request to extend the deadline for Sawtooth's responses to written discovery by three weeks, from April 23, 2020 until May 11, 2020.  Though that seems excessive, we will agree.  Regarding the corporate deposition, I assume your reference to "Twin Falls" was a typo and that you intended to say that ***Sawtooth*** will provide a deponent.   Of the dates specified, May 18 seems best.   We will provide amended notice accordingly.

Best,


**Russ Baldwin**

# B A S S   B E R R Y ✛ S I M S PLC

150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7728 phone • 615-742-0407 fax •

---

**From:** Angelo L. Rosa <arosa@rosacommerce.com>
**Sent:** Thursday, April 16, 2020 12:15 PM
**To:** Baldwin, Russell <rbaldwin@bassberry.com>
**Cc:** Phillips, Brant <BPhillips@bassberry.com>; Acker, Allison W. <allison.acker@bassberry.com>
**Subject:** Re: Twin Falls v. Southern Idaho ASC

Russ:

I am not available on 27 April and my client's representative is also not available.  The prevailing public health issues have thrown a number of professional and personal commitments askew.  Had we been consulted beforehand about scheduling, we could have avoided the need for a discussion about this.

In order to ensure that your client receives responses to the written discovery requests propounded and the deposition it has noticed, my client proposes the following:

1.  Sawtooth will provide responses to Twin Falls' written interrogatories not later than 11 May 2020; and

2.  Twin Falls will provide a deponent for examination (using whatever remote connection methods are appropriate to ensure health precautions) on a date of your choosing between 11 May 2020 and 18 May 2020.  We can explore other date ranges but my client will need to be consulted before I can provide a commitment.

Please advise as to your client's response on this matter.

Best Regards,

ALR


Angelo L. Rosa, J.D.*
**Commercial Advising & Legal Counsel**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 302 | Phoenix, Arizona 85016
Tel.    +1 (801) 440-4400
Fax.    +1 (208) 515-2203


*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.


**From:** "Baldwin, Russell" <rbaldwin@bassberry.com>
**Date:** Wednesday, April 15, 2020 at 2:50 PM
**To:** "Angelo L. Rosa" <arosa@rosacommerce.com>
**Cc:** "Phillips, Brant" <BPhillips@bassberry.com>, "Acker, Allison W." <allison.acker@bassberry.com>
**Subject:** FW: Twin Falls v. Southern Idaho ASC

Angelo,
Are you available for a quick call tomorrow or Friday to discuss logistics for your client's April 27 deposition?
Thanks,

**Russ Baldwin**


**BASS BERRY ✛ SIMS** PLC

150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7728 phone • 615-742-0407 fax •

**From:** Baldwin, Russell
**Sent:** Tuesday, March 24, 2020 6:18 PM
**To:** 'arosa@rosacommerce.com' <arosa@rosacommerce.com>
**Cc:** Acker, Allison W. <allison.acker@bassberry.com>; Phillips, Brant <BPhillips@bassberry.com>
**Subject:** Twin Falls v. Southern Idaho ASC

Angelo,

In light of your client's failure either to bond or pay the District Court's judgment, we are compelled to move forward with execution proceedings.   To that end, please find attached Twin Falls' notice of deposition of

Sawtooth, currently scheduled for April 27.  If that date does not work for you or your client's representative(s), I am happy to discuss a reasonable alternative.  I will, however, need to hear from you promptly if you need a different date/time.

Regards,


**Russ Baldwin**

**Bass, Berry & Sims PLC**
150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7728 phone • 615-742-0407 fax
rbaldwin@bassberry.com • www.bassberry.com


This email may contain privileged and confidential information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, please delete it and immediately notify the sender by separate email.

# **EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | | |
|---|---|---|
| TWIN FALLS NSC, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:19-CV-00009-DCN** |
| | ) | |
| SOUTHERN IDAHO AMBULATORY | ) | |
| SURGERY CENTER, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**AMENDED NOTICE OF DEPOSITION OF DEFENDANT**
**SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC.**

---

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 69, Plaintiff Twin Falls NSC, LLC ("Twin Falls") hereby gives notice that it will take the deposition of Southern Idaho Ambulatory Surgery Center, LLC ("Sawtooth") through one or more duly designated officers, directors, managing agents, or other persons qualified to testify on behalf of Sawtooth.  The deposition will be conducted by videoconference beginning May 18 at 9:00 a.m. MDT, or at such other date and time as the parties mutually agree.  The deposition shall be transcribed by a certified reporter and recorded by audiovisual means.

Sawtooth shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf about the Subject Matter of Examination set forth below.  Each person so designated shall be qualified and prepared to testify as to matters known or reasonably available to Sawtooth involving the subject matter for which the person has been designated.  Twin Falls requests that counsel for Sawtooth notify Twin Falls counsel at least seven (7) days in advance of

the deposition of the identity of person(s) designated by Twin Falls and the matters on which each designated person shall testify.

## Subject Matter of Examination

1.      Sawtooth's responses to Interrogatories and Requests for Production of Documents.

2.      Sawtooth's financial condition and performance, including its current assets and liabilities and material changes to its assets or liabilities since January 1, 2018.

3.      Sawtooth's business and financial forecasts or projections since January 1, 2018.

4.      Sawtooth's audited and unaudited financial statements since January 1, 2018.

5.      Sawtooth's banking relationships and accounts since January 1, 2018.

6.      Contracts or other agreements to which Sawtooth has been a party at any time since January 1, 2018.

7.      Meetings of Sawtooth's officers and directors since January 1, 2018.

8.      The nature and purpose of any changes to, or replacement of, Sawtooth's Operating Agreement since January 1, 2018.

9.      All money loaned, paid or distributed to any member of Sawtooth since January 1, 2018.

10.     The amount of Sawtooth's cash reserves and all significant changes in reserve levels since January 1, 2018.

11.     The process by which Sawtooth's cash reserve levels have been determined since January 1, 2018.

12.     Any sale or disposition of Sawtooth's assets having a value of $500 or more since January 1, 2018.

13.     The operational and financial management of Sawtooth since January 1, 2018.

2

14.     The membership of Sawtooth since January 1, 2018.

15.     Sawtooth's profits since September 1, 2018.

16.     The availability of assets necessary to satisfy the arbitration award that was confirmed by the District Court in this case and, if sufficient assets are not available to satisfy the award, the reasons why.

**DATED** this 17th day of April, 2020.

Respectfully submitted,

*/s/ Russell S. Baldwin*
W. Brantley Phillips, Jr. (*admitted pro hac vice*)
Russell S. Baldwin (*admitted pro hac vice*)
Allison W. Acker (*admitted pro hac vice*)
**BASS BERRY & SIMS PLC**
150 Third Avenue South, Ste. 2800
Nashville, TN 37201
(615) 742-6200
(615) 742-2842 (fax)
bphillips@bassberry.com
rbaldwin@bassberry.com
allison.acker@bassberry.com

Scott D. Hess, ISB #2897
A. Dean Bennett, ISB #7735
**HOLLAND & HART LLP**
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
(208) 342-5000
(208) 343-8869 (fax)
sdhess@hollandhart.com
adbennett@hollandhart.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via electronic mail to counsel for Southern Idaho Ambulatory Surgery Center on this 17th day of April, 2020, as follows:

Angelo L. Rosa
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016
*arosa@rosacommerce.com*

*/s/ Russell S. Baldwin*

# **EXHIBIT E**

| | |
|---|---|
| **From:** | Angelo L. Rosa <arosa@rosacommerce.com> |
| **Sent:** | Thursday, May 14, 2020 2:09 PM |
| **To:** | Acker, Allison W. |
| **Cc:** | Baldwin, Russell; Phillips, Brant |
| **Subject:** | Re: Sawtooth Deposition Monday |

Dear Allison:

Thank you for your message.  I am in receipt of two prior pieces of correspondence from your office.  Rest assured I am not ignoring you or your colleagues.  I am in dealing with some pressing personal/family issues, and attempting to work through some issues with Sawtooth as well as a number of other client-related matters.  Not your problem/your client's problem, but it is impairing my ability to get certain things done.

I will get back to you later today, tomorrow morning at the latest.

Best Regards,

ALR


Angelo L. Rosa*
**Commercial Advising & Legal Counsel**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.    +1 (801) 440-4400
Fax.   +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.

**From:** "Acker, Allison W." <allison.acker@bassberry.com>
**Date:** Thursday, 14 May 2020 at 11:49 AM
**To:** "Angelo L. Rosa" <arosa@rosacommerce.com>

**Cc:** "Baldwin, Russell" <rbaldwin@bassberry.com>, "Phillips, Brant" <BPhillips@bassberry.com>
**Subject:** Sawtooth Deposition Monday

Angelo,

The court reporter needs the name and email address of Sawtooth's corporate representative so they can send a link to join the remote deposition.  Please provide that information as soon as possible today.  Thank you.

Best,
Allison



**Allison Wiseman Acker**
Associate

**Bass, Berry & Sims PLC**
150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7895 phone • 615-248-4073 fax
allison.acker@bassberry.com • www.bassberry.com

**This email may contain privileged and confidential information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, please delete it and immediately notify the sender by separate email.**

Unless specifically indicated otherwise, this email, including any attachments, was not intended and cannot be used for the purpose of (A) avoiding U.S. tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addressed herein.

# **EXHIBIT F**

| | |
|---|---|
| **From:** | Angelo L. Rosa <arosa@rosacommerce.com> |
| **Sent:** | Sunday, May 17, 2020 7:52 PM |
| **To:** | Baldwin, Russell; Phillips, Brant; Acker, Allison W. |
| **Cc:** | adhess@hollandhart.com; adbennett@hollandhart.com |
| **Subject:** | Twin Falls NSC v. SIASC, et al. / Post-Judgment Discovery |
| | |
| **Importance:** | High |

Counsel:

Two items regarding post-judgment discovery:

1. My client and I have attempted to coordinate discovery responses with the prevailing demands imposed upon the healthcare providers in Idaho.  Please advise if you are willing to forward Word drafts of your interrogatories and document production requests.  This will aid SIASC substantially in the preparation of responses as soon as it is practicable for SIASC to do so.

2. After assessing the current facts and circumstances, my client and I have concluded that the health concerns relating to COVID-19, the technical issues associated with coordinating the availability of witnesses and the availability of the witnesses themselves prevents SIASC from producing witnesses at the deposition rescheduled to tomorrow.  For the sake of being clear, please take note of the following:

   a. SIASC is <u>not</u> refusing to produce witnesses for deposition at any time or for any purpose.  Instead, the witnesses suited to give testimony on the topics in question cannot be made available at present.

   b. The witnesses who are capable of offering competent testimony on the issues listed in the deposition notice are (a) currently fulfilling their responsibilities as health care providers within the confines of the Idaho government's prevailing directives, and (b) attempting to carry out commitments for supporting the provision of essential services.

   c. The burden of the proposed discovery outweighs the likely benefits under the basic gravamen set forth at FRCP 26(b)(1).

There is no pressing need for demanding interrogatory responses or convening the deposition at this point in time.  Given the fact that a post-judgment collections deposition of a health care provider is being sought, I would point to the reasoning issued with respect to depositions sought from medical providers by the few federal courts who have spoken to this issue, <u>including the District of Idaho</u>, which has denied motions to compel discovery directed to physicians: "The heightened demands on medical professionals, combined with the need for ongoing distancing measures, must be considered in the context of Rule 1's mandate to the Court and the parties." *See* Planned Parenthood of Great Nw. & the Hawaiian Islands v. Wasden, No. 1:18-CV-00555-BLW, 2020 WL 1976641, at *4 (D. Idaho Apr. 24, 2020).   Even more blunt is the guidance provided by *Lipsey v Walmart, Inc*., 2020 WL 1322850 (N.D. Ill. Mar. 20, 2020): "the medical community is very, very busy right now, and likely will be busy for weeks or months to come. . . . . . .It is reasonable for all of us to expect that at this moment and at least for the next few weeks and possibly longer, the situation at hospitals and medical

offices will be all hands on deck. All hands cannot be on deck if some of them are at a law office sitting for a deposition in a tort lawsuit."

My client will tender written responses as it is able to.  I will also be in touch with your office to discuss scheduling depositions as soon as my client can determine it is feasible.

Regards,

ALR


Angelo L. Rosa**
**Commercial Advising & Legal Counsel**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.      +1 (801) 440-4400
Fax.    +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.