Angelo L. Rosa (Idaho State Bar No. 7546)
ANGELO L. ROSA, ESQ.
2211 East Camelback Road, No. 301
Phoenix, Arizona 85016
Telephone:     +1 (801) 440-4400
Fax:               +1 (208) 515-2203
E-mail:           arosa@rosacommerce.com

Attorneys for Respondent/Counter-Petitioner
SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TWIN FALLS NSC, LLC, a Tennessee limited liability company,<br><br>     Petitioner/Counter-Respondent,<br><br>v.<br><br>SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC, an Idaho limited liability company,<br><br>     Respondent/Counter-Petitioner. | Case No. 1:19-cv-00009-DCN<br><br><br>**SUPPLEMENTAL DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO COMPEL DEPOSITION** |

**SUPPLEMENTAL DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO COMPEL DEPOSITION** – Page 1

## DECLARATION OF ANGELO L. ROSA

I, Angelo L. Rosa, hereby declare and state as follows:

1.      I am an individual over the age of eighteen and a resident of the County of Maricopa, State of Arizona.  I am not a party to this action.  I am counsel of record for Respondent/Counter-Petitioner, Southern Idaho Ambulatory Surgery Center, LLC ("SIASC") in this matter and in the appellate proceeding currently pending before the United States Court of Appeals for the Ninth Circuit.

2.      The purpose of this Declaration is (a) to authenticate the exhibits attached to this Declaration, which is filed as a supplement to SIASC's opposition to Petitioner/Counter-Respondent, Twin Falls NSC, LLC's ("Twin Falls") Motion to Compel responses to written discovery propounded in aid of execution of the Judgment entered by this Honorable Court against SIASC [Docket No. 39] and as part of SIASC's opposition to Twin Falls' Motion to Compel Deposition against SIASC [Docket No. 40] (collectively, "Motions to Compel"); (b) to attest to certain additional statements of fact that demonstrate SIASC's compliance with the discovery process; and (c) to clearly state SIASC's intentions regarding participation in the meet and confer process notwithstanding Twin Falls' refusal to withdraw the present Motions to Compel and the need for further discovery rather than (what SIASC considers to be) an ill-timed discovery dispute. This Declaration is made on the basis of my own personal knowledge, except for those statements that are expressly predicated upon information and/or belief.

SIASC Has Filed Declarations Evidencing Good Faith Participation in the Discovery Process

Given Extenuating Circumstances

**SUPPLEMENTAL DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO COMPEL DEPOSITION** – Page 2

3.     I respectfully urge the Court to consider the Declarations of Dr. H. Peter Doble, II and Deborah Wensink, filed concurrently herewith, when ruling on the aforementioned Motions to Compel.

4.     Since SIASC tendered its responses to Twin Falls' interrogatories and requests for production, a series of communications have issued forth from Twin Falls' counsel alleging defects in the discovery responses.  A true and correct assemblage of this correspondence, along with my responses thereto, is attached and incorporated hereto as "<u>Exhibit A</u>."

5.     In response I have attempted to explain to Twin Falls' counsel that the procedurally correct sequence of communication relating to discovery disputes of this kind is for Twin Falls to withdraw its motions to compel and then engage in meet and confer appropriate in scope for the purposes of avoiding the need for a motion to compel *further* responses.  On multiple occasions, I have requested again that the present Motions to Compel be withdrawn before the parties "meet and confer."  Twin Falls' counsel has refused to do so.   The correspondence attached as Exhibit A evidences this attempt to reason with Twin Falls' counsel.

6.     Although this Declaration is not intended to be a vehicle for legal argument, a review of federal opinions contemplating circumstances where discovery responses are served pending the outcome of a motion to compel, it has been held that where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.  *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) (citing *Decker v. Nagel Rice LLC*, 716 F.Supp.2d 228, 236 (S.D.N.Y.2010)).

7.     However inconvenient and (regrettably) untimely SIASC's discovery responses may be, the Declarations of Dr. Doble and Mrs. Wensink filed concurrently herewith attest to the circumstances under which Twin Falls NSC has chosen to file its Motions to Compel.  SIASC has

**SUPPLEMENTAL DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO COMPEL DEPOSITION** – Page 3

served responses to the discovery requests propounded by Twin Falls NSC.  A Notice of Service will be filed with the Court for the sake of a complete record.  Moreover, upon information and belief formed by reading the Declarations filed concurrently herewith, it appears evident that **Sawtooth Surgery Center is preoccupied with providing medical care in the midst of a pandemic rather than intentionally evading discovery requests or absconding with assets**.

### Twin Falls NSC has Served Additional Discovery Requests

8.     As suggested in my correspondence to Twin Falls' counsel--attached to my previously filed Declaration opposing Twin Falls Motion to Compel Discovery Responses [Docket No. 41]—Twin Falls has served additional written discovery requests and re-noticed SIASC's deposition during the timeframe that I indicated its representatives would be available, however impacted their schedules may be, as evidenced by the Declarations filed concurrently herewith.  A true and correct assemblage of these discovery requests are attached and incorporated hereto as "Exhibit B."

9.     Twin Falls' propounding of additional written discovery requests, in the view of the undersigned counsel, affirms the notion that a "[p]laintiff's argument that his motion to compel is not moot because he is not satisfied with defendant's response and did not receive all of the documents he requested is without merit. Dissatisfaction with defendant's…response to his request for the production of documents is a new issue and must be raised in a separate motion to compel a further response." *Browning v. Woodford*, No. 1:05CV00342AWI LJO P, 2006 WL 2385048, at *2 (E.D. Cal. Aug. 17, 2006).  Twin Falls' propounding of a further set of written discovery requests appears (to the undersigned counsel) to be a tacit acknowledgment of that principle.

**SUPPLEMENTAL DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO COMPEL DEPOSITION** – Page 4

10.     Further, Twin Falls' noticing of SIASC's deposition during the timeframe it was indicated SIASC's representative(s) would be available indicates the lack of any need for an Order compelling SIASC's attendance at deposition.  **Moreover, it also indicates an absence of bad faith by SIASC in being unwilling and unable to produce witnesses for deposition as originally anticipated**.

Twin Falls Has Misrepresented a Need for Clarity and Structure in the Meet and Confer Process as a "Refusal" by SIASC to Meet and Confer

11.     Contrary to Twin Falls' counsel's accusations, I have not refused to meet and confer.  Rather, I have attempted to impose a semblance of structure and relevance to any discussion as well as an insistence upon the withdrawal of Twin Falls' pending Motions to Compel and indicated (as is shown in the correspondence authored by me and contained in the attached exhibits) that any discussions must relate to legitimate and timely discovery issues.

12.     However, in an attempt to demonstrate an abundance of good faith, **I have agreed to participate in a meet and confer dialogue limited to issues ripe for discussion and conditioned upon an appropriate and structured agenda**.  A true and correct assemblage of my most recent exchange of correspondence with Twin Falls' counsel evidencing this is collectively attached and incorporated hereto as "Exhibit C."  **This approach is not intended to be evasive or unreasonable, but rather to avoid further complications and instead to promote an orderly sequence of discovery requests, responses, communication on legitimate issues (if any), and subsequent redress**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**SUPPLEMENTAL DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO COMPEL DEPOSITION** – Page 5

Executed on 11 June 2020 at Phoenix, Idaho:


/s/ Angelo L. Rosa
Angelo L. Rosa

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 11 June 2020 I submitted the foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

Scott D. Hess                sdhess@hollandandhart.com

Brant Phillips            BPhillips@bassberry.com


                              */s/ Angelo L. Rosa*
                              Angelo L. Rosa

**SUPPLEMENTAL DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO COMPEL DEPOSITION** – Page 7

**EXHIBIT A**
**TO**
**DECLARATION OF ANGELO L. ROSA**

**Subject:** SIASC Discovery

**Date:** Monday, 8 June 2020 at 3:56:37 PM Mountain Standard Time

**From:** Baldwin, Russell

**To:** Angelo L. Rosa

**Attachments:** image001.gif

Angelo,

We have serious concerns with your client's written discovery responses.   Please let me know your availability this week for a meet and confer conference.

Thanks,

**Russ Baldwin**

**BASS BERRY ✦ SIMS** PLC

150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7728 phone • 615-742-0407 fax

This email may contain privileged and confidential information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, please delete it and immediately notify the sender by separate email.

**BASS BERRY ✛ SIMS** PLC

**Russell S. Baldwin**
rbaldwin@bassberry.com
(615) 742-7728

June 9, 2020

**VIA EMAIL**
Angelo L. Rosa, Esq.
Angelo L. Rosa Commercial Advising and Legal Counsel
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016
arosa@rosacommerce.com

    **Re:    SIASC v. Twin Falls – 1:19-cv-00009**

Dear Angelo:

    Twin Falls NSC, LLC ("Twin Falls") is in receipt of the responses to discovery served by Southern Idaho Ambulatory Surgery Center ("Sawtooth"). The Responses are deficient in many respects, and Sawtooth's objections to providing responsive information and documents are not well founded. This letter details certain, but by no means all, of those deficiencies. Twin Falls requests that Sawtooth promptly supplement the Responses to address these deficiencies.

    **Sawtooth's Objections Are Inappropriate And Must Be Withdrawn.** Sawtooth sets forth nearly five pages of general objections that purport to be "incorporated by reference into each of [its] responses." This is prohibited by Fed. R. Civ. P. 34, which requires Sawtooth to "state ***with specificity*** the grounds for objecting to the request, ***including the reasons***." For this reason alone, general objections are inappropriate and outside of both the requirements and the spirit of the Rule. This applies equally to the form objection, copied verbatim from one response to the next, that Interrogatories 1-9 are "overly broad, unduly burdensome, and vague," given without any specifics regarding why that would be the case. Not only are such objections inappropriate, they are facially meritless. For example, it is inconceivable that providing the requested information could be unduly burdensome if, as your client's responses assert, there is no information at all to provide. Regardless, the Responses make no effort whatsoever to describe how or why the requests are vague, overly broad, etc. Such form objections, like the General Objections, objections, are plainly improper and must be withdrawn.

    Moreover, these general objections and form objections make it impossible for Twin Falls to know what information Sawtooth is withholding on the basis of improper objections, including, for example, your client's opinion and unilateral decision that the requested information would be "more reasonably sought from another person or entity." Gen. Obj. No. 3. Even if made specifically, this is not an appropriate objection. Twin Falls is entitled to discovery information available to Sawtooth, regardless of whether others might also possess that information. Moreover, it is difficult to conceive that any other person or entity would be better

June 9, 2020                        **BASS BERRY ✛ SIMS** PLC
Page 2

suited than Sawtooth to provide information regarding Sawtooth's operations, assets, liabilities and other financial data.

   **"Discovery Is Ongoing" Is Not An Appropriate Response.**    In response to Interrogatories 1-12 and 14 (all but one interrogatory), and in response to Requests for Production 1-19 (all document requests), Sawtooth claims "discovery is ongoing" to imply that its responses may change.  Like the objections above, this appears to be a form objection copied from one response to the next – indeed, they are all exactly the same – and therefore is inappropriate.  Furthermore, this objection simply does not apply to the propounded discovery.  As you know, the arbitration award to Twin Falls was confirmed by the District Court, and your client has failed to file a bond with the Ninth Circuit and failed to pay the judgment.  The propounded discovery is merely collection discovery, seeking documents related to Sawtooth's presently existing finances.  There is nothing "ongoing" that would prevent Sawtooth from answering the interrogatories and requests for production, and Twin Falls is entitled to full and complete responses now.

   **Sawtooth Cannot Properly Hide Its Finances By Deferring To Its Member.**    It appears that Sawtooth believes it does not have the obligation to answer interrogatories and provide documents about its finances because it routes all of its profits to an entity called "The Surgery Center, PLLC," apparently its only member and 100% owner of Sawtooth.  First, it appears that the Member is nothing more than a pass-through entity to move profits from Sawtooth to its previous members while attempting to shield them from direct ownership.  According to the Idaho Secretary of State's website, Sawtooth and the member share the same mailing address and registered agent.  It also is apparent from Sawtooth's discovery responses that they are managed by the same individuals, namely Dr. Doble and Debbie Wensink, Sawtooth's administrator.  As you know, both of these individuals served as Sawtooth's corporate representatives in the underlying arbitration.  Because they are commonly controlled, Sawtooth unquestionably has responsive documents in its "possession and/or control," despite its suggestions to the contrary.

   Second, the definitions in the Requests clearly instruct Sawtooth to respond with information that includes the member:  "The terms 'Sawtooth,' 'you,' and 'your' refer to Defendant Southern Idaho Ambulatory Surgery Center, LLC, and its officers, directors, managers, trustees, agents, employees, attorneys or representatives, as well as any predecessor, successor, or other entity related to Defendant."  Requests at 4.  Sawtooth did not object to this definition, and information on the member should be included in the Responses.

   Third, the fact that Sawtooth's profits are 100% directed to a single member does not mean Sawtooth does not have any responsive financials.   Based on publicly available information, it continues in full operation.  Respectfully, it is inconceivable both that Sawtooth has no cash, bank accoounts, accounts receivable, or other liquid assets (*see* Response to Interrogatories 1-2) *and* that it has made no distributions or financial disbursements (*see* Response to Interrogatory 5).

   For all of these reasons, Sawtooth's responses are wholly deficient and do not appear to have been submitted in good faith.  As previously requested, we would like to schedule a call to

June 9, 2020
Page 3

**BASS BERRY + SIMS** PLC

discuss the Responses and a schedule for Sawtooth to provide responses to the level of detail required by the Federal Rules of Civil Procedure.  **Please provide your availability for a call between today and Friday, June 12.**  Because we intend to move this process forward as efficiently as possible, and ideally without further involvement of the Court, we will make ourselves available to talk as soon as you are able, whether or not during business hours.  We look forward to hearing from you.

Sincerely,

*/s/ Russell S. Baldwin*
Russell S. Baldwin

cc:   W. Brantley Phillips, Jr.
      Allison W. Acker

**Subject:** Re: Twin Falls v. SIASC, Case No. 1:19-CV-00009-DCN

**Date:**     Wednesday, 10 June 2020 at 11:22:06 AM Mountain Standard Time

**From:**     Angelo L. Rosa

**To:**       Acker, Allison W.

**CC:**       Baldwin, Russell, Phillips, Brant

Dear Allison:

I am in the midst of moving three transactions toward closing this week and my schedule is impacted to say the least.  However, this message will confirm that: (1) I received your correspondence from yesterday; (2) I received the discovery requests sent earlier today; and (3) I will be responding to your correspondence later this afternoon.

For the sake of complete clarity, I am willing (and intend) to communicate with you substantively and in good faith regarding the discovery requests made by Twin Falls NSC and the responses tendered by SIASC in this matter.  My forthcoming correspondence to you shall be evidence of that.

Best Regards,

ALR


Angelo L. Rosa*
**Commercial Advising & Legal Counsel**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.      +1 (801) 440-4400
Fax.    +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.

From: "Acker, Allison W." <allison.acker@bassberry.com>

**Subject:** Re: Twin Falls NSC v. SIASC / Response to "Meet and Confer" Request

**Date:**   Thursday, 11 June 2020 at 1:54:44 PM Mountain Standard Time

**From:**   Angelo L. Rosa

**To:**   Acker, Allison W.

**CC:**   Phillips, Brant, Baldwin, Russell

Allison:

Thank you for your e-mail.  I disagree with your statement that I have refused to meet and confer with you.

If it is your position that the scope of the current motions to compel is narrowed to seeking an award of fees and costs, then please confirm that is the case.  Otherwise, I am content to let the Court resolve the merits of the parties' positions.

If you wish to meet and confer for the purposes of potentially avoiding a motion to compel *further* responses, then please forward an agenda of issues you wish to discuss so that our conversation can proceed in an organized and appropriately focused manner, as such discussions should be conducted. I will then respond with dates and times at which I am available to have a discussion by telephone.

With respect to the newly propounded written discovery, responses will be tendered in accordance with the Rules of Civil Procedure.

With respect to the revised deposition notices, 8 July 2020 will be adequate for the deposition of SIASC.

With respect to the deposition of Debbie Wensink, I will review the deposition notice and follow up with you.

Best Regards,

ALR

Angelo L. Rosa*
**Commercial Advising & Legal Counsel**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.     +1 (801) 440-4400
Fax.    +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on

a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE:**   This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.

---

**From:** "Acker, Allison W." <allison.acker@bassberry.com>
**Date:** Thursday, 11 June 2020 at 9:21 AM
**To:** "Angelo L. Rosa" <arosa@rosacommerce.com>
**Cc:** "Phillips, Brant" <BPhillips@bassberry.com>, "Baldwin, Russell" <rbaldwin@bassberry.com>
**Subject:** RE: Twin Falls NSC v. SIASC / Response to "Meet and Confer" Request

Angelo,

Thank you for your email.  We are disappointed by your continued refusals to meet and confer regarding outstanding discovery.  As you know, we attempted to meet and confer several times in advance of filing our currently pending motions.  We have now asked three times to meet and confer about the deficiencies in your client's responses to Twin Falls' first set of written discovery.   We had hoped that discussions between the parties could resolve, or at least narrow, those issues, but if you are unwilling to talk with us, then I'm afraid we'll have no choice but to engage the Court.  **<u>Again, please provide your availability for a call today or tomorrow to discuss the issues outlined in our previous correspondence.  We will make ourselves available any time that is convenient for you</u>**.

You did indeed give us two weeks of availability for the corporate deposition of Sawtooth:  "With respect to the deposition of representatives of Southern Idaho Ambulatory Surgery Center, LLC, I have been informed that the week of 8 July or 15 July are, at present, sufficiently flexible to accommodate deposition(s) of the representatives of SIASC."  Accordingly, though it is a month away and nearly four months from when we originally noticed the deposition, we sent a revised notice for July 8, within your requested window.

With respect to our notice of deposition for Ms. Wensink, as indicated in the notice, we are happy to consider alternative dates if Ms. Wensink is unavailable on June 25.  We invite you to propose dates she is available near June 25.  We presume of course, that because Ms. Wensink is not a healthcare provider, that she will have substantially more flexibility than Sawtooth's physicians might.

The Second Interrogatories and Requests for Production, in addition to being propounded properly within the Rules, are similarly in response to your invitation:  "Twin Falls NSC can propound additional discovery
requests that may (or may not) yield information that satisfies Twin Falls NSC's expectations as to whatever information it seeks."  I expect that, upon a review of Twin Falls' Second Interrogatories and Requests for Production, you will see that they build off of our prior requests and the scant new information provided in Sawtooth's responses.

As to our pending motions, they are not moot.  Both of those motions were necessitated by your

client's silence and refusals to participate in discovery, which forced Twin Falls to incur significant and unnecessary fees and expenses.   Pursuant to Fed. R. Civ. P. 37, Twin Falls is entitled to recover those costs and has requested an award of its fees as a part of both motions.  If you want to moot the motions, please give Russ Baldwin a call to discuss arrangements for your client to reimburse those costs.  To be clear, however, that will not resolve our disputes as to the deficiencies of your client's responses.

Best,
Allison



**Allison Wiseman Acker**
Associate

**Bass, Berry & Sims PLC**
150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7895 phone • 615-248-4073 fax
allison.acker@bassberry.com • www.bassberry.com

**This email may contain privileged and confidential information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, plea delete it and immediately notify the sender by separate email.**

Unless specifically indicated otherwise, this email, including any attachments, was not intended and cannot be used for the purpo (A) avoiding U.S. tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addr herein.

---

**From:** Angelo L. Rosa <arosa@rosacommerce.com>
**Sent:** Thursday, June 11, 2020 12:55 AM
**To:** Acker, Allison W. <allison.acker@bassberry.com>
**Cc:** Phillips, Brant <BPhillips@bassberry.com>; Baldwin, Russell <rbaldwin@bassberry.com>
**Subject:** Twin Falls NSC v. SIASC / Response to "Meet and Confer" Request

Dear Allison:

Begging your pardon for a late response after a very long day, I will attempt to be brief.

From SIASC's perspective, the gating issue that must be resolved is Twin Falls NSC' approach to the discovery process, which has become haphazard at best in recent days.  Originally, Twin Falls NSC propounded a Notice of Deposition of SIASC, a set of Interrogatories and a set of production requests.  When my client could not provide Twin Falls NSC with timely responses or produce witnesses in response to those discovery requests within its originally anticipated timeframe, you filed a motion to compel deposition testimony and and a motion to compel responses to the interrogatories and requests for production.  SIASC subsequently provided responses to both Twin Falls NSC's interrogatories and requests for production, and identified a two-week timeframe in which it could make witnesses available for deposition.  At the same time, SIASC requested that you withdraw your pending motions to compel as they were/are moot.   Those motions have not yet been withdrawn.  Now, you wish to "meet and confer."  About what, I am not certain.   All I have to go on are claims (in one e-mail from Russ Baldwin) that there are "serious concerns" about SIASC's responses, and claims (in your correspondence from yesterday) that certain defects in exist.   Then, Twin Falls NSC  propounded two new

deposition notices, which I have only summarily reviewed thus far, but can ascertain have been scheduled without any regard for availability of the witnesses in question.  These notices of deposition were followed by an additional set of interrogatories and requests for production propounded by Twin Falls NSC.

At this point, the realities of the situation are as follows:

1.  Twin Falls NSC failed to meet and confer under Local Rule 37.1 before filing its pending Motions to Compel.

2.  This defect cannot be cured by retroactively conferring by phone at this late stage.

3.  At present, your client has received discovery responses and the identification of two weeks in which depositions can take place. This renders the present motions to compel moot.

4.  The motions to compel have not been withdrawn.

5.  Your client has propounded two new deposition notices and an additional round of written discovery.  These are not yet ripe for any "meet and confer" discussions as the time for responding has not yet arrrived.

6.  Thus, the only topics of legitimacy for discussion are the sufficiency of SIASC's discovery responses according to the applicable Rules of Civil Procedure.  However, that is a discussion reserved in relation to a motion to compel *further* responses.

To the extent Twin Falls NSC wishes to "meet and confer," such a discussion must first be preceded by a withdrawal of the pending motions to compel.  After those motions are withdrawn, <u>I will be happy to make myself available for a focused telephone call on appropriate topics set out in advance according to a defined agenda</u>.

Accordingly, I will await your withdrawal of Twin Falls NSC's Motions to Compel and then your proposed agenda for the "meet and confer" discussion you believe should be convened.  I will review it and respond promptly.  Otherwise, I will include this correspondence and any other relevant communications in SIASC's opposition to Twin Falls NSC's Motion to Compel Deposition.

Best Regards,

ALR


Angelo L. Rosa*
**Commercial Advising & Legal Counsel**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.     +1 (801) 440-4400
Fax.    +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.

**EXHIBIT B**
**TO**
**DECLARATION OF ANGELO L. ROSA**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| TWIN FALLS NSC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CV-00009-DCN |
| | ) | |
| SOUTHERN IDAHO AMBULATORY | ) | |
| SURGERY CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## SECOND AMENDED NOTICE OF DEPOSITION OF
## SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC

_____

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 69, Plaintiff Twin Falls NSC, LLC ("Twin Falls") hereby gives notice that it will take the deposition of Southern Idaho Ambulatory Surgery Center, LLC ("Sawtooth") through one or more duly designated officers, directors, managing agents, or other persons qualified to testify on behalf of Sawtooth. The deposition will be conducted by videoconference beginning July 8 at 8:00 a.m. MDT, or at such other date and time as the parties mutually agree. The deposition shall be transcribed by a certified reporter and recorded by audiovisual means.

Sawtooth shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf about the Subject Matter of Examination set forth below. Each person so designated shall be qualified and prepared to testify as to matters known or reasonably available to Sawtooth involving the subject matter for which the person has been designated. Twin Falls requests that counsel for Sawtooth notify Twin Falls counsel at least seven (7) days in advance of

the deposition of the identity of person(s) designated by Twin Falls and the matters on which each designated person shall testify.

## Subject Matter of Examination

1.    Sawtooth's responses to Interrogatories and Requests for Production of Documents.

2.    Sawtooth's financial condition and performance, including its current assets and liabilities and material changes to its assets or liabilities since January 1, 2018.

3.    Sawtooth's business and financial forecasts or projections since January 1, 2018.

4.    Sawtooth's audited and unaudited financial statements since January 1, 2018.

5.    Sawtooth's banking relationships and accounts since January 1, 2018, and all banking accounts into which money generated from Sawtooth's business is deposited.

6.    Contracts or other agreements to which Sawtooth has been a party at any time since January 1, 2018.

7.    Meetings of Sawtooth's officers and directors, or other managers, since January 1, 2018.

8.    The nature and purpose of any changes to, or replacement of, Sawtooth's Operating Agreement since January 1, 2018.

9.    All money loaned, paid or distributed to any member of Sawtooth since January 1, 2018.

10.    The amount of Sawtooth's cash reserves and all significant changes in reserve levels since January 1, 2018.

11.    The process by which Sawtooth's cash reserve levels have been determined since January 1, 2018.

12.    Any sale or disposition of Sawtooth's assets having a value of $500 or more since January 1, 2018.

13.    The operational and financial management of Sawtooth since January 1, 2018.

14.    The membership of Sawtooth since January 1, 2018.

15.    Sawtooth's profits since September 1, 2018.

16.    The availability of assets necessary to satisfy the arbitration award that was confirmed by the District Court in this case and, if sufficient assets are not available to satisfy the award, the reasons why.


**DATED** this 9th day of June, 2020.

Respectfully submitted,

_/s/ Allison Wiseman Acker_
W. Brantley Phillips, Jr. (*admitted pro hac vice*)
Russell S. Baldwin (*admitted pro hac vice*)
Allison W. Acker (*admitted pro hac vice*)
**BASS BERRY & SIMS PLC**
150 Third Avenue South, Ste. 2800
Nashville, TN 37201
(615) 742-6200
(615) 742-2842 (fax)
bphillips@bassberry.com
rbaldwin@bassberry.com
allison.acker@bassberry.com

Scott D. Hess, ISB #2897
A. Dean Bennett, ISB #7735
**HOLLAND & HART LLP**
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
(208) 342-5000
(208) 343-8869 (fax)
sdhess@hollandhart.com
adbennett@hollandhart.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 9, 2020, a true and exact copy of the foregoing was served via electronic mail to counsel for Southern Idaho Ambulatory Surgery Center, as follows:

Angelo L. Rosa
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016
arosa@rosacommerce.com

/s/ *Allison Wiseman Acker*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| TWIN FALLS NSC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CV-00009-DCN |
| | ) | |
| SOUTHERN IDAHO AMBULATORY | ) | |
| SURGERY CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## NOTICE OF DEPOSITION OF DEBORAH WENSINK
_____

Pursuant to Federal Rules of Civil Procedure 30 and 69, Plaintiff Twin Falls NSC, LLC ("Twin Falls") hereby gives notice that it will take the deposition of Deborah Wensink by videoconference beginning June 25, 2020 at 8:00 a.m. MDT, or at such other date and time as the parties mutually agree.  The deposition shall be transcribed by a certified reporter and recorded by audiovisual means.

**DATED** this 9th day of June, 2020.

Respectfully submitted,

/s/ *Allison Wiseman Acker*
W. Brantley Phillips, Jr. (*admitted pro hac vice*)
Russell S. Baldwin (*admitted pro hac vice*)
Allison W. Acker (*admitted pro hac vice*)
**BASS BERRY & SIMS PLC**
150 Third Avenue South, Ste. 2800
Nashville, TN 37201
(615) 742-6200
(615) 742-2842 (fax)
bphillips@bassberry.com
rbaldwin@bassberry.com
allison.acker@bassberry.com

Scott D. Hess, ISB #2897
A. Dean Bennett, ISB #7735
**HOLLAND & HART LLP**
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
(208) 342-5000
(208) 343-8869 (fax)
sdhess@hollandhart.com
adbennett@hollandhart.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 9, 2020, a true and exact copy of the foregoing was served via electronic mail to counsel for Southern Idaho Ambulatory Surgery Center, as follows:

Angelo L. Rosa
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016
arosa@rosacommerce.com

/s/ Allison Wiseman Acker

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | | |
|---|---|---|
| **TWIN FALLS NSC, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-CV-00009-DCN** |
| | ) | |
| **SOUTHERN IDAHO AMBULATORY** | ) | |
| **SURGERY CENTER, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### TWIN FALLS NSC, LLC'S SECOND SET OF INTERROGATORIES
### AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO
### SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC

_____

Plaintiff Twin Falls NSC, LLC ("Twin Falls") propounds the following Second Set of Interrogatories and Requests for Production of Documents to Southern Idaho Ambulatory Surgery Center, LLC pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 69.

### <u>INSTRUCTIONS</u>

1.      Answers and Responses must be served on the attorneys for Twin Falls at Bass, Berry & Sims, PLC, 150 Third Avenue South, Suite 2800, Nashville, Tennessee 37201, on or before 30 days from the date of the receipt of these Interrogatories and Requests for Production.

2.      Responsive documents shall be produced to the attention of the attorneys for Twin Falls at Bass, Berry & Sims, PLC, 150 Third Avenue South, Suite 2800, Nashville, Tennessee 37201, on or before 30 days from the date of the receipt of these Requests for Production.

3.      In responding to the Requests for Production, produce the originals of all documents, as well as any notated or non-identical copies.  Documents should be organized and labeled to correspond to the Request for Production to which they are responsive.

4.      Produce all responsive electronic and paper-based documents, with the exception of unredacted spreadsheets and any multimedia files, in single-page Tagged Image File Format ("TIFF") format.  Please produce the extracted text of unredacted electronic documents in multi-page text files.  Please produce OCR for paper-based documents and any redacted electronic documents in multi-page text files.  Please produce all responsive unredacted spreadsheets and multimedia files in native format only, with a Bates-stamped placeholder image.  We reserve the right to later request copies of additional files in native format.  The image, text and native files should all have the same beginning Bates number as the file name (*i.e.*, Bates000001.pdf, Bates000001.txt, Bates000001.xls).

5.      Please apply family-level global de-duplication using the MD5 hashing algorithm, per industry standards, for all electronically stored information produced.  Provide in the All Custodians and All File Path fields, requested in Paragraph 11, the custodial and file path attributes for all copies of all responsive documents, both the produced copy and any copies eliminated during global deduplication.  If you serve rolling productions, please produce an overlay file that updates these fields as necessary.

6.      Please ensure any images of hard-copy documents are logically unitized such that: (1) multiple, distinct documents are not merged into a document range; and (2) distinct documents are not split into multiple document ranges.  This provision does not obligate any party to produce documents in a manner other than the way in which the documents were kept in the ordinary course of business.

7.      Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source

document.  Redactions should be clearly marked or stamped on the page in such a way that it is clear from review that a portion of the image has been redacted.

8.      Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems.

9.      Please provide an "LFP" image load file (or, alternatively, a cross-reference text file specifying the beginning and ending Bates numbers for each document).

10.     We request the production of the following metadata fields for electronically stored information: (1) Beginning Bates Number; (2) Ending Bates Number (3) BegAttach; (4) EndAttach; (5) Document Type (Email, Attachment, Edoc, Scanned Paper); (6) Date Sent (email); (7) Date Created (edocs); (8) All Custodians; (9) Author (electronic documents and attachments); (10) Recipient (electronic documents and attachments); (11) From (email); (12) To (email); (13 CC; (14) BCC; (15) Subject (email); (16) Filename (electronic documents); (17) All File Paths; (18) Has Redaction (populate with "Yes" for documents with redacted content) and (19) NativePath (containing the pathing information for all documents produced in native format).  We reserve the right to later request additional metadata fields for certain documents.  Metadata fields should be provided in a DAT delimited text file with the field definitions listed in the first row and should include instructions regarding specific delimiters used.  (Pilcrow and thorn are preferred delimiters, and commas should not be used.)  All dates produced should be formatted as MM/DD/YYYY.

11.     Images should be stored in a directory named IMAGES at the root of the delivery volume.  Extracted text and OCR files should be stored in a directory named OCR at the root of the delivery volume.  All subfolders containing native files should be stored in a directory named NATIVES at the root of the delivery volume.  All load files should be stored in a directory named

DATA at the root of the delivery volume.  We request that all data be produced on CD, DVD or hard-drive, depending on data volume.  Our technical staff would be happy to confer with you regarding the final format of production to ensure that documents are produced in a useable format.

12.     Identify each document that you withhold on the basis of privilege by its date, author(s), recipient(s), and subject matter(s).

13.     For documents or other items requested but not in your possession, custody, or control, and as to which you are unable to produce or compel the production of the documents or items, identify (as defined above) the documents or items, and identify the person who has custody or control or possession of the document or item.

14.     If any document requested in the Requests for Production or described in your answers to the Interrogatories has been destroyed, identify the document, its date of destruction, and the name of the person who ordered or authorized the destruction.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     The terms "Sawtooth," "you," and "your" refer to Defendant Southern Idaho Ambulatory Surgery Center, LLC, and its officers, directors, managers, trustees, agents, employees, members, attorneys or representatives, as well as any predecessor, successor, or other entity related to Defendant.

2.     "The Surgery Center" means the entity that, according to Sawtooth's Responses to Twin Falls' First Interrogatories, is a member and 100% owner of Sawtooth.

3.     "Document" means any medium, including electronic media, upon which information or intelligence can be recorded or retrieved, and includes, without limitation, the original and all non-identical versions, regardless of origin and location, of any audio recording

(including voicemails), email, SMS message or other digital message regardless of platform, electronically or digitally stored data, book, pamphlet, letter, memorandum, map, invoice, bill (including telephone bills or statements), receipt, financial statement, audit, accounting entry, journal, tax return (with schedules), diary, calendar, check, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, transcript, affidavit, paper, print, drawing, sketch, graph, index, list, tape (video, audio or otherwise), logbook, photograph, microfilm, computer tape, disk, diskette or printout, video disk, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, digitally-recorded, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control;

4.     "Relating to" means constituting, reflecting, evidencing, concerning, referring to, associated or affiliated with, stating, depicting, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, and evaluating;

5.     "Person" means any natural person or entity, including, but not limited to, any individual, firm, corporation, company, partnership, member, association, trade association, trust, public agency, department, bureau, board, or any other form of public, private or legal entity;

6.     "Identify," "identity," "identifying," and "identified," as those terms relate to a person, mean to state the person's full name, home address, home and cellular telephone number, name of business, business address, and business telephone number.

7.     "Identify," "identity," "identifying," and "identified," as those terms relate to a document, mean to provide the following information, irrespective of whether the document is asserted to be privileged or immune from discovery:

(a)     the title or other means of identifying the document;

      (b)     the date of the document;

      (c)     the author of the document;

      (d)     the addressee and other persons copied on the document;

      (e)     the location of the document and any copies; and

      (f)     the identification of any persons having possession, custody, or control of the document and any copies.

8.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to include in the discovery response all documents and information that otherwise would be outside of the scope of the request.

9.     The use of the singular form of any word includes the plural and vice versa.

## **INTEROGATORIES**

15.     Identify each and every bank account into which money generated from Sawtooth's business activities was deposited since January 1, 2018 by providing the location, financial institution, account number and current balance of each such account, including but not limited to bank accounts held in the name of The Surgery Center or any member of The Surgery Center.

RESPONSE:


16.     Identify each person or entity who currently holds any membership interest in The Surgery Center and state the membership percentage owned by of each such person or entity.

RESPONSE:

17.     Identify each and every bank account maintained by or for The Surgery Center since January 1, 2018, including but not limited to the location, financial institution, account number and current balance of each such account.

RESPONSE:


18.     Describe and state the value of any non-cash liquid assets owned by The Surgery Center.

RESPONSE:


19.     State the total value of all unpaid accounts receivable owed to The Surgery Center.

RESPONSE:


20.     Identify all loans, distributions and/or other financial disbursements made by The Surgery Center to its members, or any of them, since January 1, 2018, including but not limited to the date, amount and purpose of each such loan, distribution or disbursement.

RESPONSE:

## **VERIFICATION**

**STATE OF** _____          )
**COUNTY OF** _____          )


      I, _____**,** on behalf of Southern Idaho Ambulatory Surgery Center, LLC, do solemnly swear and affirm, that I have read the foregoing responses to interrogatories, and that said responses are true and correct to the best of my knowledge, information and belief.


      Name:  _____

      Title:  _____


Sworn to and subscribed before me on this _____ day of _____, 2020.


      _____
      Notary Public          [Seal]

My Commission Expires:
_____

## REQUESTS FOR PRODUCTION

20.     Produce all periodic and annual balance sheets, income statements, cash flow statements and all other financial statements, whether audited or unaudited, for The Surgery Center for the period January 1, 2018 to present.

RESPONSE:


21.     Produce all account statements for any bank account in which The Surgery Center has, or has had, any funds since January 1, 2018.

RESPONSE:


22.     Produce all minutes, notes, or other documents reflecting or relating to any meetings of the members and/or the board of governors of The Surgery Center since January 1, 2018.

RESPONSE:


23.     Produce all Schedule K-1 (Form 1065) documents issued by The Surgery Center since January 1, 2018.

RESPONSE:


24.     Produce all documents that reflect or relate to any distributions, payments, loans or other disbursements from The Surgery Center to its members, or any of them, since January 1, 2018.

RESPONSE:

25.     Produce all documents reflecting or relating to the determination of The Surgery Center's cash reserves since January 1, 2018.

RESPONSE:


**DATED** this 10th day of June, 2020.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Russell S. Baldwin*
W. Brantley Phillips, Jr. (*admitted pro hac vice*)
Russell S. Baldwin (*admitted pro hac vice*)
Allison W. Acker (*admitted pro hac vice*)
**BASS BERRY & SIMS PLC**
150 Third Avenue South, Ste. 2800
Nashville, TN 37201
(615) 742-6200
(615) 742-2842 (fax)
bphillips@bassberry.com
rbaldwin@bassberry.com
allison.acker@bassberry.com

Scott D. Hess, ISB #2897
A. Dean Bennett, ISB #7735
**HOLLAND & HART** LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
(208) 342-5000
(208) 343-8869 (fax)
sdhess@hollandhart.com
adbennett@hollandhart.com

*Attorneys for Plaintiff*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via electronic mail to counsel for Southern Idaho Ambulatory Surgery Center on this 10th day of June, 2020, as follows:

Angelo L. Rosa
2211 East Camelback Road, No. 302
Phoenix, Arizona 85016
*arosa@rosacommerce.com*

*/s/ Russell S. Baldwin*

**EXHIBIT C**
**TO**
**DECLARATION OF ANGELO L. ROSA**

**Subject:** Re: Twin Falls NSC v. SIASC / Response to "Meet and Confer" Request

**Date:** Thursday, 11 June 2020 at 1:54:44 PM Mountain Standard Time

**From:** Angelo L. Rosa

**To:** Acker, Allison W.

**CC:** Phillips, Brant, Baldwin, Russell

Allison:

Thank you for your e-mail.  I disagree with your statement that I have refused to meet and confer with you.

If it is your position that the scope of the current motions to compel is narrowed to seeking an award of fees and costs, then please confirm that is the case.  Otherwise, I am content to let the Court resolve the merits of the parties' positions.

If you wish to meet and confer for the purposes of potentially avoiding a motion to compel *further* responses, then please forward an agenda of issues you wish to discuss so that our conversation can proceed in an organized and appropriately focused manner, as such discussions should be conducted. I will then respond with dates and times at which I am available to have a discussion by telephone.

With respect to the newly propounded written discovery, responses will be tendered in accordance with the Rules of Civil Procedure.

With respect to the revised deposition notices, 8 July 2020 will be adequate for the deposition of SIASC.

With respect to the deposition of Debbie Wensink, I will review the deposition notice and follow up with you.

Best Regards,

ALR

Angelo L. Rosa*
**Commercial Advising & Legal Counsel**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.     +1 (801) 440-4400
Fax.    +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on

a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE:** This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues. This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.

---

**From:** "Acker, Allison W." <allison.acker@bassberry.com>
**Date:** Thursday, 11 June 2020 at 9:21 AM
**To:** "Angelo L. Rosa" <arosa@rosacommerce.com>
**Cc:** "Phillips, Brant" <BPhillips@bassberry.com>, "Baldwin, Russell" <rbaldwin@bassberry.com>
**Subject:** RE: Twin Falls NSC v. SIASC / Response to "Meet and Confer" Request

Angelo,

Thank you for your email. We are disappointed by your continued refusals to meet and confer regarding outstanding discovery. As you know, we attempted to meet and confer several times in advance of filing our currently pending motions. We have now asked three times to meet and confer about the deficiencies in your client's responses to Twin Falls' first set of written discovery. We had hoped that discussions between the parties could resolve, or at least narrow, those issues, but if you are unwilling to talk with us, then I'm afraid we'll have no choice but to engage the Court. **<u>Again, please provide your availability for a call today or tomorrow to discuss the issues outlined in our previous correspondence. We will make ourselves available any time that is convenient for you</u>**.

You did indeed give us two weeks of availability for the corporate deposition of Sawtooth: "With respect to the deposition of representatives of Southern Idaho Ambulatory Surgery Center, LLC, I have been informed that the week of 8 July or 15 July are, at present, sufficiently flexible to accommodate deposition(s) of the representatives of SIASC." Accordingly, though it is a month away and nearly four months from when we originally noticed the deposition, we sent a revised notice for July 8, within your requested window.

With respect to our notice of deposition for Ms. Wensink, as indicated in the notice, we are happy to consider alternative dates if Ms. Wensink is unavailable on June 25. We invite you to propose dates she is available near June 25. We presume of course, that because Ms. Wensink is not a healthcare provider, that she will have substantially more flexibility than Sawtooth's physicians might.

The Second Interrogatories and Requests for Production, in addition to being propounded properly within the Rules, are similarly in response to your invitation: "Twin Falls NSC can propound additional discovery
requests that may (or may not) yield information that satisfies Twin Falls NSC's expectations as to whatever information it seeks." I expect that, upon a review of Twin Falls' Second Interrogatories and Requests for Production, you will see that they build off of our prior requests and the scant new information provided in Sawtooth's responses.

As to our pending motions, they are not moot. Both of those motions were necessitated by your

client's silence and refusals to participate in discovery, which forced Twin Falls to incur significant and unnecessary fees and expenses.   Pursuant to Fed. R. Civ. P. 37, Twin Falls is entitled to recover those costs and has requested an award of its fees as a part of both motions.  If you want to moot the motions, please give Russ Baldwin a call to discuss arrangements for your client to reimburse those costs.  To be clear, however, that will not resolve our disputes as to the deficiencies of your client's responses.

Best,
Allison



**Allison Wiseman Acker**
Associate

**Bass, Berry & Sims PLC**
150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7895 phone • 615-248-4073 fax
allison.acker@bassberry.com • www.bassberry.com

**This email may contain privileged and confidential information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, plea delete it and immediately notify the sender by separate email.**

Unless specifically indicated otherwise, this email, including any attachments, was not intended and cannot be used for the purpo (A) avoiding U.S. tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addr herein.

---

**From:** Angelo L. Rosa <arosa@rosacommerce.com>
**Sent:** Thursday, June 11, 2020 12:55 AM
**To:** Acker, Allison W. <allison.acker@bassberry.com>
**Cc:** Phillips, Brant <BPhillips@bassberry.com>; Baldwin, Russell <rbaldwin@bassberry.com>
**Subject:** Twin Falls NSC v. SIASC / Response to "Meet and Confer" Request

Dear Allison:

Begging your pardon for a late response after a very long day, I will attempt to be brief.

From SIASC's perspective, the gating issue that must be resolved is Twin Falls NSC' approach to the discovery process, which has become haphazard at best in recent days.  Originally, Twin Falls NSC propounded a Notice of Deposition of SIASC, a set of Interrogatories and a set of production requests.  When my client could not provide Twin Falls NSC with timely responses or produce witnesses in response to those discovery requests within its originally anticipated timeframe, you filed a motion to compel deposition testimony and and a motion to compel responses to the interrogatories and requests for production.  SIASC subsequently provided responses to both Twin Falls NSC's interrogatories and requests for production, and identified a two-week timeframe in which it could make witnesses available for deposition.  At the same time, SIASC requested that you withdraw your pending motions to compel as they were/are moot.   Those motions have not yet been withdrawn.  Now, you wish to "meet and confer." About what, I am not certain.   All I have to go on are claims (in one e-mail from Russ Baldwin) that there are "serious concerns" about SIASC's responses, and claims (in your correspondence from yesterday) that certain defects in exist.   Then, Twin Falls NSC  propounded two new

deposition notices, which I have only summarily reviewed thus far, but can ascertain have been scheduled without any regard for availability of the witnesses in question.  These notices of deposition were followed by an additional set of interrogatories and requests for production propounded by Twin Falls NSC.

At this point, the realities of the situation are as follows:

1. Twin Falls NSC failed to meet and confer under Local Rule 37.1 before filing its pending Motions to Compel.

2. This defect cannot be cured by retroactively conferring by phone at this late stage.

3. At present, your client has received discovery responses and the identification of two weeks in which depositions can take place. This renders the present motions to compel moot.

4. The motions to compel have not been withdrawn.

5. Your client has propounded two new deposition notices and an additional round of written discovery.  These are not yet ripe for any "meet and confer" discussions as the time for responding has not yet arrrived.

6. Thus, the only topics of legitimacy for discussion are the sufficiency of SIASC's discovery responses according to the applicable Rules of Civil Procedure.  However, that is a discussion reserved in relation to a motion to compel *further* responses.

To the extent Twin Falls NSC wishes to "meet and confer," such a discussion must first be preceded by a withdrawal of the pending motions to compel.  After those motions are withdrawn, <u>I will be happy to make myself available for a focused telephone call on appropriate topics set out in advance according to a defined agenda</u>.

Accordingly, I will await your withdrawal of Twin Falls NSC's Motions to Compel and then your proposed agenda for the "meet and confer" discussion you believe should be convened.   I will review it and respond promptly.  Otherwise, I will include this correspondence and any other relevant communications in SIASC's opposition to Twin Falls NSC's Motion to Compel Deposition.

Best Regards,

ALR


Angelo L. Rosa*
**Commercial Advising & Legal Counsel**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.      +1 (801) 440-4400
Fax.    +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.