Angelo L. Rosa (ISB No. 7546)
ROSA PLLC
950 West Bannock Street, Suite 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 302 | Phoenix, Arizona 85016
Telephone:    +1 (801) 440-4400
Fax:          +1 (208) 515-2203
e-Mail:       arosa@rosacommerce.com

Attorneys for Respondent/Counter-Petitioner
SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TWIN FALLS NSC, LLC, a Tennessee limited liability company,<br><br>       Petitioner/Counter-Respondent,<br><br>v.<br><br>SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC, an Idaho limited liability company,<br><br>       Respondent/Counter-Petitioner. | Case No. 1:19-cv-00009-DCN<br><br><br>**MEMORANDUM IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S MOTION FOR PROTECTIVE ORDER** |

## INTRODUCTION

Respondent/Counter-Petitioner, Southern Idaho Ambulatory Surgery Center, LLC ("SIASC") learned of a breach of a United States government website that contains confidential SIASC provider information on July 1, 2020. SIASC and Petitioner/Counter-Respondent Twin Falls NSC, LLC ("Twin Falls") are in post-judgment discovery proceedings, and SIASC now seeks a protective order limiting post-judgment discovery to persons, information, and documents that are either (a) produced by SIASC in response to a specific request from Petitioner/Counter-Respondent TWIN FALLS NSC, LLC ("Twin Falls"); (b) obtained through demonstrably lawful means; and (c) publicly available, and for other and further relief as the Court deems just and proper.

## STATEMENT OF FACTS

The circumstances that necessitate the present Motion for Protective Order are unusual from those that commonly form the basis of most such motions under Federal Rule of Civil Procedure 26(c). However, they are no less urgent. On July 1, 2020, SIASC became aware of a data breach in a possible attempt to subvert the discovery process, and thereby, the protections of the judicial system itself, by AmSurg Holdings, Twin Falls' parent corporation.

SIASC physicians may refer patients for home health services and bill Medicare for such patient services. To do so the physicians must be registered on the United States Department of Health and Human Services Center for Medicare and Medicaid Services Provider, Enrollment, Chain and Ownership System web site ("PECOS"). The PECOS site contains provider personal demographic and credentialing information. Unauthorized access is illegal; the PECOS login page displays a warning, which reads in part: "WARNING: Only authorized registered users have rights to access PECOS. Unauthorized access to this system is forbidden and will be prosecuted by law."

Administrator, Deborah Wensink ("Ms. Wensink") logged on to PECOS on July 1, 2020 and received a message that her password had expired. *See* Declaration of Deborah Wensink in Support of Southern Idaho Ambulatory Surgery Center's Motion for Protective Order ("Wensink Decl."), filed concurrently herewith, at ¶ 5. In accessing a portion of the site to change her password, she noted two unknown persons listed as "Active Staff" on the system for SIASC. *See id*. The two persons listed were an Amanda Rosson and an Ashley Stone, both of AmSurg Corporation. *See* Wensink Decl. at ¶ 5 and "Exhibit 1" thereto.

Neither person has, nor has had at any time, SIASC authorization to log into PECOS or view its confidential information contained in the system. *See* Wensink Decl. at ¶ 6. Ms. Wensink took screenshots of the information, which includes both users' amsurg.com e-mail addresses, and deleted them from SIASC staff on the PECOS system. *See* Wensink Decl. at ¶ 5. Ms. Wensink regularly visited the web site between December 2019 and February 2020, and these unauthorized users were not listed as "Staff" on the site during that time. *See* Wensink Decl. at ¶ 7.

The same day, Ms. Wensink deleted both unauthorized users. *See* Wensink Decl. at ¶ 8 and "Exhibit 2" thereto. Ms. Wensink called PECOS to determine how these persons gained access to the site, but a telephone message informed her that, due to COVID-19, questions must be e-mailed. *See* Wensink Decl. at ¶ 8. She sent a message requesting the same information and was informed that "Unrecognizable names can be due to a person who has authority on your behalf to edit or change data. This is commonly the billing, HR or credentialing group may have initiated the request. You should check with them first." *See* Wensink Decl. at ¶ 9 and "Exhibit 3" thereto. SIASC

SIASC counsel, Angelo L. Rosa ("Mr. Rosa") contacted Twin Falls counsel vis e-mail at 2:22 p.m. on July 8, 2020 requesting assurances by 5:00 p.m. Mountain Daylight Time that day

that any information obtained through AmSurg's access to the SIASC PECOS web site would not be used in discovery. *See* Declaration of Angelo L. Rosa in Support of Southern Idaho Ambulatory Surgery Center's Motion for Protective Order ("Rosa Decl."), filed concurrently herewith, at Exhibit 1. Mr. Rosa did not receive such assurances by the deadline, but thereafter received a denial by Twin Falls NSC/AmSurg counsel and accusations of further delays to post-judgment discovery. *See* Rosa Decl. at Exhibit 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) allows the recipient of a discovery request or a deponent to move for a protective order for, *inter alia*, commercial information. It states, in relevant part:

> Upon motion by a party or by a person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:
>
> > (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . . .

F.R.C.P. 26(c)(7). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." F.R.C.P. 26(c).

A decision to grant, deny, or modify a protective order is reviewed for abuse of discretion. *Anderson v. Calderon,* 232 F.3d 1053, 1099 (9th Cir. 2000). However, the question of whether the lower court used the correct legal standard in determining whether to grant a protective order is reviewed *de novo*. *See Kulas v. Flores,* 255 F.3d 780, 783 (9th Cir. 2001) (legal issues are reviewed de novo).

Good cause is shown when a party sets forth the specific harm or prejudice that will result in the absence of a protective order. *See Beckman Indus., Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *See Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995) (citing factors).

The trial court has discretion to issue "*any* order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L.Ed.2d 17 (1984)) (emphasis in original). Likewise, the trial court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Id*.

The law that governs post-judgment discovery is the same as that which governs pre-judgment discovery in all respects relevant to the present matter:

> The Supreme Court has described the rules governing post-judgment discovery as "quite permissive." In the same fashion, the lower courts have interpreted Rule 69 to permit broad post-judgment discovery in the search for executable assets. But it is not unlimited; courts may limit post-judgment discovery on grounds applicable to regular discovery like relevance, privilege, and proportionality.

Federal Rule of Civil Procedure 69, Rules and Commentary. "Parties seeking to execute on a judgment may utilize discovery. . . . Normal discovery rules still apply." *Wechsler v. Wechsler*, 162 Idaho 900, 909, 407 P.3d 214, 223 (2017).

# ARGUMENT

The harm that will result in the absence of a protective order to address the unauthorized access and use of discovery obtained thereby is tied to not as much to the consequences of public disclosure as to the subversion of the discovery process and the integrity of the judicial system if the information on which the order is based may be used in discovery. Post judgment discovery is admittedly broad and wide-reaching, but allowing such material to be used in discovery is oppressive and unduly burdensome to SIASC under Rule 26(c) because SIASC would not, nor could it, resort to the same tactics to further its discovery purposes. Denying the Motion for Protective Order would allow Petitioner/Counter-Respondent to forego its duty to *propound* discovery, and instead allow it to conduct a virtual "fishing expedition" for whatever it may come across, resulting in a lopsided and unfair discovery and judicial process for SIASC. The unauthorized access to the PECOS system and its timing indicate that Twin Falls NSC/AmSurg itself has the propensity to both invade privacy and break the law in pursuit of its apparent goal of litigating SIASC into some form of submission. The present matter is a post-judgment action currently in discovery, not a trial nor an impeachment exercise.

Because the Protective Order sought in this Motion is limited to restricting in discovery the use of any material illegally obtained through the unauthorized access, there exists little public interest balancing analysis for the Court to undertake. The Protective Order is sought to preserve the fairness of the judicial process – an issue internal to the case, not one concerning dissemination of confidential information to the public. And while this might be an unusual purpose for a protective order, the trial court, as mentioned, *supra*, has discretion to issue "*any* order which justice requires to protect a party from . . . oppression, or undue burden . . ." *Phillips ex rel. Estates of Byrd*, *supra*, at 1211.

The specific harm that would result in the absence of the Protective Order includes, but is not limited to, loss of trust in, and perceived unfairness of, the judicial system not only on the part of SIASC but of the general public. The unauthorized access is illegal under 18 U.S.C. § 1030(a)(2)(B). Denying the Protective Order would send a message that this Honorable Court condones the use of materials illegally obtained, would implicate due process, and would form the basis of yet another appeal. "Among the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery." Charles Alan Wright, Arthur R. Miller, *Federal Practice and Procedure* § 2044.1 (3d ed., West 2020). Denying the Motion for Protective Order would also increase conflict between the parties, stifle the flow of discovery, and increase suspicions between the parties in an already contentious case.

## CONCLUSION

SIASC requests this Honorable Court, in its sound and considerably broad discretion, to place a Protective Order on Twin Falls' use in discovery of any materials not produced by SIASC in response to a specifically propounded request by Twin Falls and any materials not publicly available.


DATED:        10 July 2020                    Respectfully Submitted,

                                              For ROSA PLLC:



                                              _____
                                              Angelo L. Rosa

                                              Attorney for Respondent/Counter-Petitioner
                                              SOUTHERN    IDAHO    AMBULATORY
                                              SURGERY CENTER, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 10 July 2020 I submitted the foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

Scott D. Hess        sdhess@hollandandhart.com

Brant Phillips        BPhillips@bassberry.com


*/s/ Angelo L. Rosa*
Angelo L. Rosa