Angelo L. Rosa (ISB No. 7546)
ROSA PLLC
950 West Bannock Street, Suite 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 302 | Phoenix, Arizona 85016
Telephone: +1 (801) 440-4400
Fax: +1 (208) 515-2203
e-Mail: arosa@rosacommerce.com

Attorneys for Respondent/Counter-Petitioner
SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TWIN FALLS NSC, LLC, a Tennessee limited liability company,<br><br>Petitioner/Counter-Respondent,<br><br>v.<br><br>SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC, an Idaho limited liability company,<br><br>Respondent/Counter-Petitioner. | Case No. 1:19-cv-00009-DCN<br><br><br>**DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S MOTION FOR PROTECTIVE ORDER** |

**DECLARATION OF ANGELO L. ROSA**

I, Angelo L. Rosa, hereby declare and state as follows:

1. I am an individual over the age of eighteen and a resident of the County of Maricopa, State of Arizona. I am not a party to this action. I am counsel of record for Respondent/Counter-Petitioner, Southern Idaho Ambulatory Surgery Center, LLC ("SIASC") in this matter and in the appellate proceeding currently pending before the United States Court of Appeals for the Ninth Circuit.

2. The purpose of this Declaration is (a) to authenticate the exhibits attached to this Declaration, which is filed in support of SIASC's present Motion for Protective Order; (b) to attest to certain statements of fact that give rise to the present Motion; and (c) to reiterate actions taken to comply in good faith with SIASC's post-judgment discovery obligations. This Declaration is made on the basis of my own personal knowledge, except for those statements that are expressly predicated upon information and/or belief.

Incursion/"Data Breach" by AmSurg

3. Upon information and belief, Twin Falls and AmSurg are interchangeable entities. The statements made in the record before this Court, the evidentiary submissions lodged with the Court, and the record of the underlying arbitration proceedings attest to this. Upon information and belief, the fact that a data incursion appears to have occurred by AmSurg representatives into SIASC's government accounts is further proof of this.

4. On Tuesday, 7 July 2020, after being informed by SIASC of an unauthorized incursion by AmSurg representatives (who appear to have obtained "end user" status and access to SIASC's secure online credentialing profile with the United States Department of Health and Human Services), I notified counsel for Twin Falls NSC/AmSurg of this discovery and the issues

**DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S MOTION FOR PROTECTIVE ORDER** – Page 2

it poses to the post-judgment discovery process. I requested specific representations and assurances from both Twin Falls NSC/AmSurg's counsel and Twin Falls NSC/AmSurg itself to be provided by 5:00 p.m. Mountain Daylight (i.e., Idaho) Time on that day or else SIASC would move this Court for a protective order. A true and correct copy of this correspondence is attached as "Exhibit 1."

5. I did not receive a response from Twin Falls NSC/AmSurg's counsel by 5:00 p.m. Mountain Daylight (i.e., Idaho) Time and (without waiving the attorney-client privilege) was thereafter informed that SIASC would not appear for deposition given the concerns regarding the unauthorized incursion into SIASC's online account with the HHS.

6. On Thursday, 9 July 2020, I discovered that Twin Falls NSC/AmSurg's counsel had indeed sent a response to the correspondence attached to this Declaration as "Exhibit 1" albeit after the 5:00 p.m. Mountain Daylight Time (Idaho)/4:00 p.m. Mountain Standard Time(Arizona) deadline. The response denied knowledge by Twin Falls NSC's counsel but did not address the request SIASC made regarding the conduct of Twin Falls NSC/AmSurg itself. Also (predictably) the response contained accusations of evasion of the discovery process and threats of sanctions. A true and correct copy of the reply is attached as "Exhibit 2." Note that the timestamp on the e-mail is based upon the time the e-mail was received by my e-mail server which is located in the Mountain Standard (i.e., Arizona) Time zone.

7. Upon information and belief, Twin Falls NSC/AmSurg's counsel's responses (that SIASC's credentialing information is available publicly) do not comport with Twin Falls NSC/AmSurg's gaining access to a secure online profile over two years after the separation of the parties' legal relationship occurred.

**DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S MOTION FOR PROTECTIVE ORDER** – Page 3

8. SIASC did not appear for its corporate deposition due to the incursion by Twin Falls NSC/AmSurg described in the Declaration of Deborah Wensink filed concurrently herewith. Instead, the present Motion has been prepared with all haste, despite my being mostly unavailable due to personal reasons.

### SIASC's General Participation in Post-Judgment Discovery

9. Without waiving the attorney-client privilege, I will represent to this Honorable Court that I have continuously encouraged cooperation with Twin Falls NSC's post-judgment discovery requests.

10. Certificates of Service of discovery responses filed by SIASC have been filed with this Honorable Court to demonstrate accountability to the obligation to cooperate in the discovery process.

11. There have been delays in SIASC's cooperation with post-judgment discovery. Those delays have been documented via declarations filed with this Honorable Court to demonstrate accountability to the discovery process.

12. As recently as today, my office has facilitated the production of over 1000 pages of information in response to Twin Falls NSC/AmSurg's discovery requests. A Certificate of Service attesting to this production is on file with this Honorable Court.

13. Upon information and belief, the information provided to Twin Falls NSC/AmSurg—evidencing that SIASC and its parent company are in bad financial condition and have been for several years—has been consistent regardless of when or how it has been received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**DECLARATION OF ANGELO L. ROSA IN SUPPORT OF SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC'S MOTION FOR PROTECTIVE ORDER** – Page 4

Executed on 10 July 2020 at Paradise, Nevada:

*/s/ Angelo L. Rosa*
Angelo L. Rosa

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 10 July 2020 I submitted the foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

| | |
|---|---|
| Scott D. Hess | sdhess@hollandandhart.com |
| Brant Phillips | BPhillips@bassberry.com |

*/s/ Angelo L. Rosa*
Angelo L. Rosa

**EXHIBIT 1
TO
DECLARATION OF ANGELO L. ROSA**

**Subject:** AmSurg / Time-Sensitive Notice
**Date:** Tuesday, July 7, 2020 at 12:21:55 PM Pacific Daylight Time
**From:** Angelo L. Rosa <arosa@rosacommerce.com>
**To:** Acker, Allison W. <allison.acker@bassberry.com>, Baldwin, Russell <rbaldwin@bassberry.com>, Phillips, Brant <BPhillips@bassberry.com>
**CC:** Mary S. Amschel <mamschel@rosacommerce.com>

Counsel:

This is to notify you that SIASC is aware of (and has documented) unauthorized incursions by two AmSurg representatives into its [SIASC's] online account with the United States Department of Health and Human Services, specifically the Medicare Provider Enrollment, Chain and Operating System ("PECOS"). The incursions that Sawtooth is presently aware of occurred between January 2020 and July 2020 and demonstrate that one Amanda Rosson and one Ashley Stone, alleging to be representatives of Southern Idaho Ambulatory Surgery Center, obtained access to SIASC's PECOS profile entitled to "end user" status.

Obtaining access of the kind obtained by AmSurg's representatives requires that the party(ies) requesting that access make proactive and affirmative representations to the federal government that they are affiliated with the "covered entity" whose profile they wish to obtain. It goes without saying that AmSurg and its representatives have absolutely no right to represent themselves to the Department of Health and Human Services (or indeed any other government entity) as having authorization of any kind relating to SIASC. This access could only have been proactively sought and (regardless of underlying purpose) was procured without advance notification to, or permission from, SIASC.

During Ms. Wensink's deposition yesterday, and prior to asking certain questions about SIASC's credentialing, Mr. Baldwin represented on the record that "I have looked on resources available to me." *See* Rough Transcript at p. 42, lines 8-11. Mr. Baldwin's statement raises serious questions about the nature and origin of those "resources" in light of the facts identified above. If evidence, obtained (directly or indirectly) by the means described above has been used to facilitate Twin Falls NSC's discovery efforts, such problematic conduct would have to be resolved before discovery continues.

If AmSurg denies the conduct described above, provide provide that denial in writing. Further, SIASC requires written confirmation that Twin Falls NSC/AmSurg has not obtained or used any information (directly or indirectly) in connection with the conduct above. Whether this cooperation is immediately provided will determine how SIASC chooses to approach the outstanding discovery that Twin Falls NSC/AmSurg is currently engaged in.

To be clear, SIASC has no intention of evading its discovery obligations as a judgment-debtor. However, the resolution of this deeply concerning issue requires resolution before discovery continues. Consequently, SIASC will not appear for deposition until this office receives both (1) a written denial by AmSurg of the aforementioned conduct and a written denial any use (by AmSurg, Twin Falls NSC, and/or any of its representatives) of information obtained from accessing of SIASC's accounts with PECOS and/or any other government registry.

Accordingly, if Twin Falls NSC/AmSurg wishes to ensure the deposition of SIASC proceeds tomorrow

morning as noticed, both of these requirements must be met not later than 5:00 p.m. Mountain Daylight Time today. If one or both of these requirements are not met, then SIASC reserves the right to move the Court for a Protective Order pending the full investigation by SIASC and HHS of the incursion described above.

Regards,

ALR


[Angelo L. Rosa](#)*
**Managing Partner, ROSA PLLC (Commercial Advising & Legal Counsel)**
[President, ALR Publications Ltd.](#)
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.    +1 (801) 440-4400
Fax.    +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.

**EXHIBIT 2
TO
DECLARATION OF ANGELO L. ROSA**

**Subject:** RE: AmSurg / Time-Sensitive Notice
**Date:** Tuesday, July 7, 2020 at 4:02:02 PM Pacific Daylight Time
**From:** Acker, Allison W. <allison.acker@bassberry.com>
**To:** Angelo L. Rosa <arosa@rosacommerce.com>, Baldwin, Russell <rbaldwin@bassberry.com>, Phillips, Brant <BPhillips@bassberry.com>
**CC:** Mary S. Amschel <mamschel@rosacommerce.com>

Angelo,

Thank you for your email. We have no knowledge of any "incursions" into SIASC's online account with PECOS, including any "unauthorized incursions." We will, however, make inquiries with our client regarding the substance of your email. To that end, please advise when you first became aware of this information and how. Also, please provide us with the documentation you reference below so we may make this inquiry.

To be clear, however, we understand that a person is able to access PECOS information only if authorized by the provider itself – in this case SIASC. It is SIASC that grants access to its PECOS information. Access is not a function of any representations made by PECOS users seeking to access information. Based on those two facts, your description of Ms. Rosson and Ms. Stone's conduct does not jibe with the way we understand the PECOS system to work.

Regardless, we can unequivocally confirm that we have no copies or knowledge of any PECOS information relating to SIASC. Consequently, we can also confirm that no such information has been used to facilitate Twin Falls' discovery in aid of execution to date, including in yesterday's deposition. Indeed, we can assure you that Mr. Baldwin's reference in Ms. Wensink's deposition yesterday to the "resources available to [him]" includes only information that is publicly available, produced in discovery, and that voluntarily provided by you during the mediation. To be clear, to the extent you are referencing SIASC's NPI number, that information is publicly available at
https://npiregistry.cms.hhs.gov/registry/.

Regarding tomorrow's previously notice depositions, nothing in your email provides a legitimate basis not to proceed as scheduled. If anything, today's email appears to be yet another last-minute rationalization to avoid appearing. After all, your "concern" raised in today's email has absolutely no connection or relationship to tomorrow's proceedings, and, in apparent recognition of that undeniable fact, nothing in your email even attempts to suggest otherwise. Twin Falls has now properly noticed SIASC's deposition **three times** – twice for dates of **your client's choosing.** Failure to appear tomorrow under these circumstances would seem to be the very definition of "evading [SIASC's] discovery obligations as a judgment-debtor" – something made clear by the fact that you made no mention of any purported "incursions" just yesterday at Ms. Wensink's deposition. Nor did you raise any complaint immediately following the deposition, when you confirmed that Dr. Doble would serve as SIASC's corporate representative on Wednesday morning.

SIASC must appear tomorrow unless there is a protective order in place. There is none. Consequently, we will expect SIASC to appear for its deposition tomorrow morning at 8 a.m. MDT as noticed. If SIASC fails to appear, Twin Falls will seek sanctions from the Court for your client's – and your – open and obvious contempt for the Court's processes and the federal rules governing SIASC's conduct.

Best,
Allison

BBS

**Allison Wiseman Acker**
Associate

**Bass, Berry & Sims PLC**
150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7895 phone • 615-248-4073 fax
allison.acker@bassberry.com • www.bassberry.com

**This email may contain privileged and confidential information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, please delete it and immediately notify the sender by separate email.**

Unless specifically indicated otherwise, this email, including any attachments, was not intended and cannot be used for the purpose of (A) avoiding U.S. tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addressed herein.

---

**From:** Angelo L. Rosa <arosa@rosacommerce.com>
**Sent:** Tuesday, July 7, 2020 2:22 PM
**To:** Acker, Allison W. <allison.acker@bassberry.com>; Baldwin, Russell <rbaldwin@bassberry.com>; Phillips, Brant <BPhillips@bassberry.com>
**Cc:** Mary S. Amschel <mamschel@rosacommerce.com>
**Subject:** AmSurg / Time-Sensitive Notice

Counsel:

This is to notify you that SIASC is aware of (and has documented) unauthorized incursions by two AmSurg representatives into its [SIASC's] online account with the United States Department of Health and Human Services, specifically the Medicare Provider Enrollment, Chain and Operating System ("PECOS"). The incursions that Sawtooth is presently aware of occurred between January 2020 and July 2020 and demonstrate that one Amanda Rosson and one Ashley Stone, alleging to be representatives of Southern Idaho Ambulatory Surgery Center, obtained access to SIASC's PECOS profile entitled to "end user" status.

Obtaining access of the kind obtained by AmSurg's representatives requires that the party(ies) requesting that access make proactive and affirmative representations to the federal government that they are affiliated with the "covered entity" whose profile they wish to obtain. It goes without saying that AmSurg and its representatives have absolutely no right to represent themselves to the Department of Health and Human Services (or indeed any other government entity) as having authorization of any kind relating to SIASC. This access could only have been proactively sought and (regardless of underlying purpose) was procured without advance notification to, or permission from, SIASC.

During Ms. Wensink's deposition yesterday, and prior to asking certain questions about SIASC's credentialing, Mr. Baldwin represented on the record that "I have looked on resources available to me." *See* Rough Transcript at p. 42, lines 8-11. Mr. Baldwin's statement raises serious questions about the nature and origin of those "resources" in light of the facts identified above. If evidence, obtained (directly or indirectly) by the means described above has been used to facilitate Twin Falls NSC's

discovery efforts, such problematic conduct would have to be resolved before discovery continues.

If AmSurg denies the conduct described above, provide provide that denial in writing. Further, SIASC requires written confirmation that Twin Falls NSC/AmSurg has not obtained or used any information (directly or indirectly) in connection with the conduct above. Whether this cooperation is immediately provided will determine how SIASC chooses to approach the outstanding discovery that Twin Falls NSC/AmSurg is currently engaged in.

To be clear, SIASC has no intention of evading its discovery obligations as a judgment-debtor. However, the resolution of this deeply concerning issue requires resolution before discovery continues. Consequently, SIASC will not appear for deposition until this office receives both (1) a written denial by AmSurg of the aforementioned conduct and a written denial any use (by AmSurg, Twin Falls NSC, and/or any of its representatives) of information obtained from accessing of SIASC's accounts with PECOS and/or any other government registry.

Accordingly, if Twin Falls NSC/AmSurg wishes to ensure the deposition of SIASC proceeds tomorrow morning as noticed, both of these requirements must be met not later than 5:00 p.m. Mountain Daylight Time today. If one or both of these requirements are not met, then SIASC reserves the right to move the Court for a Protective Order pending the full investigation by SIASC and HHS of the incursion described above.

Regards,

ALR


[Angelo L. Rosa](#)*
**Managing Partner, ROSA PLLC (Commercial Advising & Legal Counsel)**
**[President, ALR Publications Ltd.](#)**
950 West Bannock Street, Ste. 1100 | Boise, Idaho 83702
2211 East Camelback Road, No. 301 | Phoenix, Arizona 85016
Tel.     +1 (801) 440-4400
Fax.    +1 (208) 515-2203

*Admitted to Practice in California and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ANGELO L. ROSA, ESQ. and/or Angelo L. Rosa. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (801) 440-4400 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**: This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues. This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.