Angelo L. Rosa (Idaho State Bar No. 7546)
ANGELO L. ROSA, ESQ.
2211 East Camelback Road, No. 301
Phoenix, Arizona 85016
Telephone: +1 (801) 440-4400
Fax: +1 (208) 515-2203
E-mail: arosa@rosacommerce.com

Attorneys for Respondent/Counter-Petitioner
SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TWIN FALLS NSC, LLC, a Tennessee limited liability company,<br><br>    Petitioner/Counter-Respondent,<br><br>v.<br><br>SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC, an Idaho limited liability company,<br><br>    Respondent/Counter-Petitioner. | Case No. 1:19-cv-00009-DCN<br><br><br><br>**PLAINTIFF'S MEMORANDUM IN REPLY TO TWIN FALLS' RESPONSE TO MOTION FOR PROTECTIVE ORDER** |

Defendant/Counter-Petitioner SOUTHERN IDAHO AMBULAORY SURGERY CENTER, LLC ("SIASC") hereby submits its Reply to Plaintiff Twin Falls NSC, LLC ("Twin Falls") Response to Motion for Protective Order (Dkt. 51) (the "Response").

Twin Falls NSC and its parent company have displayed extraordinary (and unjustified) hubris throughout these proceedings. Its alter-ego and parent company, AmSurg Holdings ("AmSurg") seems unable or unwilling to accept the concept that unauthorized access to government databases is illegal and improper. SIASC filed its Motion for Protective Order on July 10, 2020 after discovering unauthorized access by AmSurg on SIASC's profile on a United States government website that houses information about SIASC providers' in home care services to its patients, the PECOS website. Since the present Motion was filed, AmSurg has again procured illegal access to SIASC's confidential information on the PECOS database. *See* Supplemental Declaration of Deborah Wensink and exhibits thereto, filed concurrently herewith.

The fact of this access is neither *de minimus* nor is SIASC's filing of the present Motion a tactic intended to delay post-judgment discovery. To date, SIASC's Administrator has been produced, as have responses to two sets of written interrogatories and over one-thousand eight-hundred (1,800) pages of document production. Notwithstanding the reality this material confirms—that this information portrays a dismal financial portrait of SIASC's financial condition and, to the extent discoverable, its parent company's finances—there is no legitimate nexus between Twin Falls' discovery entitlements and illegal access to government databases.

Twin Falls falsely claims, in its Response to SIASC's Motion for Protective Order (the "Response"), that SIASC "advances no grounds for any of its requested relief." *See* Response, on file herewith at p. 1. In reality, SIASC clearly gave several grounds for granting the Motion for Protective Order, among them, the following: (i) denying a protective order would allow the subversion of the discovery process and the integrity of the judicial system; (ii) denying a protective order would result in a lopsided and unfair discovery process for SIASC, which would be unduly burdensome for SIASC; and (iii) denying a protective order would send a message that

this Honorable Court condones the use of materials illegally obtained, implicating SIASC's due process rights, and providing a basis for yet another appeal. Each of these grounds alone constitutes good cause for granting a protective order. The particularized harm that will occur to SIASC in the absence of a protective order includes, but is not limited to, the expenditure of legal fees to appeal based on an abuse of the discovery process by illegally obtained evidence.

While SIASC is well-within its rights to pursue all remedies (both civil and criminal) against AmSurg, and may elect to do so, some order must be brought to post-judgment discovery in the form of limitations on what information can be used. As noted in SIASC's Motion for Protective Order, the incursions are illegal under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, specifically subsection (a)(2)(B), which applies to United States government websites.

Twin Falls also falsely claims that SIASC failed to identify when the data breach took place. The Declaration of Angelo L. Rosa in Support of SIASC's Motion for Protective Order ("Rosa Decl.") specified that access was gained more than two years after Twin Falls' parent company, AmSurg Holdings, had separated from its legal relationship with SIASC, and included as an exhibit the e-Mail to Twin Falls counsel, which narrowed the time further to between January 2020 and 1 July 2020. *See* Rosa Decl. at ¶ 7 and Exhibit 1 thereto. SIASC is currently investigating the data breach to determine the actual dates on which AmSurg accessed the site and how AmSurg gained such access, has submitted a request to the United States Department of Health and Human Services ("DHSS") for detailed information regarding the actions taken by AmSug and is preparing a subpoena to the DHSS to formalize its request out of an abundance of caution as well as for the preparation of further legal action.

In the merely thirty (30) days since SIASC filed its Motion for Protective Order, SIASC has discovered that **two new unauthorized, AmSurg-affiliated users have gained access to the**

sites.  It has further discovered that **an AmSurg employee gained the highest-level access to the sites seven months after AmSurg and SIASC parted ways** and ended their legal relationship.  Thus, a protective order is even more urgent than when SIASC filed the Motion for Protective Order.  *See* Supplemental Declaration of Deborah Wensink in Support of SIASC'S Motion for Protective Order, filed herewith.

Contrary to Twin Falls' Response, SIASC has *not* asked the court to forbid all discovery.  SIASC is abundantly aware of the liberally broad nature of post-judgment discovery.  While Twin Falls' Response superficially appeals to the obligations imposed by the Federal Rules of Civil Procedure, SIASC is asking for a ruling that imposes legal limits upon the discovery process.  Because SIASC asks that illegal conduct of the opposing party cease and that discovery be based solely upon legitimate sources of information, it can only be concluded that Twin Falls opposed the present Motion because it wishes to continue breaking the law and playing the game in its own way.  If Twin Falls' counsel is advising its client, then the repeated illegal access demonstrated by the Supplemental Declaration filed herewith only reinforces the basis for SIASC's present Motion.  That Twin Falls cannot provide a factually sound rejoinder or legal argument for denying the present Motion provides further cause (albeit secondary to the illegality of Twin Falls conduct, its ongoing nature, and the nexus demonstrated by SIASC to the tailoring of a protective order) for granting relief and no grounds for denying it.

For these reasons, SIASC respectfully requests this Honorable Court grant its Motion for Protective Order.

DATED: 10 August 2020          Respectfully Submitted,

For ROSA PLLC:

_____
Angelo L. Rosa

Attorney for Respondent/Counter-Petitioner
SOUTHERN IDAHO AMBULATORY SURGERY CENTER, LLC

# **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on 10 August 2020 I submitted the foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

| | |
|---|---|
| Scott D. Hess | sdhess@hollandandhart.com |
| Brant Phillips | BPhillips@bassberry.com |

                                              */s/ Angelo L. Rosa*
                                              Angelo L. Rosa